**MOTOROLA, INC., Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–Appellee.**

**No. 93–5052.**

United States Court of Appeals, Federal Circuit.

March 3, 1993.

**114**

Robert D. Wallick, Steptoe & Johnson, Washington, DC, argued for plaintiff-appellant. With him on the brief were Peter L. Wellington and Scott E. Ransick.

Geoffrey C. Cook, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, DC, argued for defendant-appellee. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., and David M. Cohen, Director.

Franklin D. Kramer, Shea & Gardner, Washington, DC, argued for amicus curiae, Rockwell Intern. Corp. With him on the brief was Richard A. Nagareda. Of counsel was Kenneth F. Sparks.

John S. Pachter, Jonathan D. Shaffer and Carl T. Hahn, Smith, Pachter, McWhorter & D'Ambrosio, Vienna, VA, were on the brief for amicus curiae, Magellan Corp.

Before NEWMAN, ARCHER and CLEVENGER, Circuit Judges.

PER CURIAM.

Motorola, Inc. appeals the order of the United States Court of Federal Claims dismissing its complaint for failure to state a claim upon which relief can be granted. *Motorola, Inc. v. United States*, No. 92–799C (Ct.Fed.Cl. Dec. 23, 1992).

Motorola's suit is based on an alleged implied in fact contract with the United States. Ordinarily a bid is required to establish that a pre-award implied in fact contract exists. As the Court of Federal Claims stated, once a bid is submitted:

there is a promise—the contractor's bid—which empowers the Government, upon acceptance, to bind the contractor to the terms of the solicitation. The essence of the contractor's engagement—the manifestation of an intention to be bound—warrants reading into the situation a reciprocal commitment from the Government, *i.e.*, a promise to fairly and honestly consider the contractor's bid. *Heyer Products Co. v. United States*, 135 Ct.Cl. 63, 69, 140 F.Supp. 409, 412 (1956).

*Motorola*, slip op. at 5. In this case Motorola did not respond to the solicitation by submitting a bid. Further, it has not otherwise met its burden to show that an implied in fact contract existed. *United States v. John C. Grimberg Co., Inc.*, 702 F.2d 1362 (Fed.Cir.1983) (in banc).

Therefore, to the extent consistent with the above, we adopt the opinion of Judge Wiese, attached as an appendix, affirm the order of the Court of Federal Claims, and vacate the injunction pending appeal entered by this court on January 15, 1993.

AFFIRMED.

## APPENDIX

### ORDER OF THE UNITED STATES COURT OF FEDERAL CLAIMS

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Over the course of several months, Motorola, along with other members of its industry group (defense electronics), participated at the Government's invitation in the development of specifications for the expected procurement of production quantities of a battery-powered, hand-held positioning device called the Precision Lightweight Global Positioning System Receiver (PLGR). As a result of this effort, a formal solicitation was issued by the Government on May 6, 1992, calling for the submission of technical proposals, together with bid samples, by September 1, 1992. Award is planned for early January 1993.

Despite its involvement in the development of the specifications, Motorola did not

respond to the formal solicitation. It did not do so because it considered the requirement for bid samples as impermissibly shifting, to private industry, the special development costs associated with the PLGR's unique military features.

Motorola is now before this court asking us to enjoin the Government from proceeding with the procurement. Motorola maintains that the PLGR is not a non-developmental item, meaning an item currently available in the commercial marketplace or an item whose unique military requirements might readily be developed through minor modifications of an existing commercial product. Therefore, Motorola contends that the procurement subverts the statutory preference, expressed in 10 U.S.C. § 2325 (1988 & Supp. III 1991), for the acquisition of non-developmental items. Further, Motorola contends that because the PLGR is not a non-developmental item, the call for bid samples, in effect, forces bidders to undertake development costs at their own expense. That, in turn, is said to abridge the "full and open competition" requirement of the Competition In Contracting Act, 10 U.S.C. § 2304 (1988 & Supp. III 1991).

The Government has moved for dismissal of the suit on the ground that Motorola's status as a non-bidder disqualifies it from obtaining the relief that it seeks. The issue has been briefed by the parties and oral argument was heard on December 23, 1992.[1] At the conclusion of the argument, the court announced its decision in defendant's favor. We repeat here the substance of the court's ruling from the bench.

The relevant statute, 28 U.S.C. § 1491(a)(3) (1988), empowers the court to grant equitable relief, including declaratory and injunctive relief, in order "[t]o afford complete relief on any contract claim brought before the contract is awarded." The purpose of this statute—as explained in the relevant case law—is not to enlarge the court's jurisdiction. Rather, the purpose is to enlarge the remedies the court may invoke to redress grievances growing out of pre-award contract disputes. Specifically, the statute authorizes the court to grant declaratory and injunctive relief in that class of suits, commonly called "disappointed bidder" actions, which, under prior law, were redressable in this court only through money damages. *United States v. John C. Grimberg Co., Inc.*, 702 F.2d 1362, 1369 n. 11 (Fed.Cir.1983); *ATL, Inc. v. United States*, 736 F.2d 677, 682 n. 17 (Fed.Cir.1984).

The question we encounter in this case is whether the statute confines the granting of injunctive relief just to suits brought by disappointed bidders or their equivalents. Is Motorola, by virtue of its non-bidder status, not within the class of claimants for whom equitable relief may be made available? That, of course, is the Government's contention. With that contention we agree.

In deciding this question in defendant's favor, we start by noting that the statute addresses "any contract claim brought before the contract is awarded." Thus, on the face of it, no more is required than a "contract claim" relating to a contemplated award. But therein lies the stumbling block.

Motorola's grievance is not founded on a contract. To be sure, Motorola argues to the contrary. Motorola maintains that during the development phase of the procurement specifications, it expended considerable time, money, and effort in responding to the Government's numerous calls for information. That dialogue, Motorola contends, was carried out under an implied contract of fair dealing. Motorola further argues that the contract was breached when the Government subsequently issued a solicitation which effectively denied it a fair opportunity to compete by conditioning eligibility for participation on the submission of a product sample.

The court cannot go along with the contention that Motorola's responses to Government requests for information gave rise

---

1. A brief has also been filed by Rockwell International Corporation. Rockwell was a participant in the bidding process and appears here as an *amicus curiae* in support of the motion to dismiss.

to an implied contract. Granted, there are cases that would so hold. In *Standard Mfg. Co. v. United States*, 7 Cl.Ct. 54 (1984), for example, the Government had issued a statutory notice of intent to procure on a sole source basis and invited interested firms to submit a statement demonstrating their capability to perform. Plaintiff, Standard Manufacturing Company, was among the firms that responded to this invitation.

In ruling against a Government motion to dismiss for lack of jurisdiction, the court stated that where the Government requests information from potential bidders, the request is accompanied by an implied promise that all responses will be fairly and honestly considered. The court held that plaintiff's response constituted an acceptance of the Government's offer, thereby giving rise to an implied contract. Hence, it was concluded that plaintiff held a protectable contract interest within the scope of the court's injunctive powers. The same result, based on the same reasoning, was reached in the recent decision of *Magnavox Electronic Sys. Co. v. United States*, 26 Cl.Ct. 1373 (1992).

Although courts should strive for consistency in their rulings, this court cannot accept the rationale set forth in *Standard Manufacturing*. Government requests for information and responses from prospective bidders are not the equivalents of offer and acceptance. Such exchanges are not carried on with an expectation to presently affect legal relations. Rather, the parties are dealing—as they were here—exclusively with an eye to the future, each being free, in the meantime, to withdraw from the dialogue.

The situation, therefore, is quite unlike that encountered where a bid has been submitted. In that circumstance there is a promise—the contractor's bid—which empowers the Government, upon acceptance, to bind the contractor to the terms of the solicitation. The essence of the contractor's engagement—the manifestation of an intention to be bound—warrants reading into the situation a reciprocal commitment from the Government, *i.e.*, a promise to fairly and honestly consider the contractor's bid. *Heyer Products Co. v. United States*, 135 Ct.Cl. 63, 69, 140 F.Supp. 409, 412 (1956).

Since there was no bid here, there was no promise; hence, no basis for finding the existence of a pre-award contract upon which a claim for injunctive relief can be based. Accordingly, the Government's motion to dismiss is granted on the ground that plaintiff has failed to state a claim upon which relief can be granted. The Clerk shall enter judgment dismissing the complaint. No costs.

/s/ John P. Wiese
John P. Wiese
Judge