**Ginger ANSELMO, et al., Plaintiffs,**

**v.**

**James B. KING, Director of Office of Personnel Management, Defendant.**

**Civ. A. No. 94–0895 (JR).**

United States District Court, District of Columbia.

Oct. 30, 1995.

David U. Fierst, Stein, Mitchell & Mezines, Washington, DC, for plaintiffs.

Cynthia A. Schnedar, Assistant U.S. Attorney, U.S. Attorney for District of Columbia, Washington, DC, for defendant.

### MEMORANDUM

ROBERTSON, District Judge.

This memorandum sets forth the reasons for the court's order entered October 13, 1995, granting in part and denying in part

defendant's Rule 12(b)(1) motion to dismiss for want of subject matter jurisdiction.

Last year, in *Wassenaar v. Office of Personnel Management*, 21 F.3d 1090 (Fed.Cir. 1994), the United States Court of Appeals for the Federal Circuit held that the survivor annuity paid to the widow of a federal law enforcement officer had been erroneously calculated using the percentages set forth in 5 U.S.C. § 8339(a) and that it should have been calculated instead using the higher percentages set forth in 5 U.S.C. § 8339(d)(1). Ms. Wassenaar's spouse had served 24 years in the government and was 47 years old when he died. The Office of Personnel Management had taken the position that § 8339(d)(1) described a "retirement" annuity available only in cases meeting the criteria for retirement—20 years of service and 50 years of age. The Federal Circuit gave *Chevron* deference to OPM's interpretation of the statutes but found the interpretation unreasonable and instructed OPM to recalculate using the higher calculation percentages found in § 8339(d)(1). The government did not seek Supreme Court review.

In this action, the surviving spouses and former spouses of ten federal firefighters and law enforcement officers who died before reaching age 50, or before completing 20 years of service, or both, sue to compel OPM to apply the law announced by the *Wassenaar* decision to themselves and to everyone else who is entitled to its benefits. Their complaint alleges on information and belief that "in excess of 1,000 similarly situated surviving spouses and former spouses of law enforcement officers and firefighters ... are equally entitled to the proper survivor annuity but are unaware of their entitlement"; that OPM has not notified any of them of their entitlement to recalculation under the *Wassenaar* rule; and that OPM does not intend to notify or recalculate without a court order. Plaintiffs seek declaratory relief and mandamus on behalf of a class of similarly situated persons.

OPM has not responded on the merits but asserts that I have no jurisdiction to hear and decide this case.

1. *Sovereign immunity.*

█ OPM's main submission in this motion is that the United States has not waived its sovereign immunity to the claims presented in this case. The premise of the argument is OPM's characterization of this case as one for money damages, *see National Association of Counties v. Baker*, 842 F.2d 369, 372–77 (D.C.Cir.), *cert. denied*, 488 U.S. 1005, 109 S.Ct. 784, 102 L.Ed.2d 775 (1989). That premise, however, is false. These plaintiffs are "seeking funds to which a statute allegedly entitles them rather than money compensation for losses they may have suffered by virtue of the withholding of those funds. Therefore, the relief sought by [plaintiffs] is specific relief and not classical money damages." *National Ass'n of Counties v. Baker*, 842 F.2d 369, 373 (D.C.Cir. 1988). *See Bowen v. Massachusetts*, 487 U.S. 879, 893–901, 108 S.Ct. 2722, 2731–36, 101 L.Ed.2d 749 (1988) ("The fact that a judicial remedy may require one party to pay money to another is not sufficient reason to characterize the relief as 'money damages,'" quoting *Maryland Dept. of Human Resources v. Department of Health and Human Services*, 763 F.2d 1441 (D.C.Cir.1985); *School Committee of Burlington v. Department of Education of Massachusetts*, 471 U.S. 359, 370–71, 105 S.Ct. 1996, 2002–03, 85 L.Ed.2d 385 (1985) (when the state belatedly pays expenses that it should have paid all along and would have borne in the first instance, the state is not paying damages).

This complaint seeks only declaratory relief and mandamus. It is not an action for damages, and the sovereign immunity of the United States is not implicated.

2. *Administrative procedures.*

█ OPM argues that plaintiffs must follow the established administrative path for federal survivor benefit claims.[1] To support

---

**1.** The administrative path for complaints regarding survivor benefits is as follows: The claimant files with OPM; if OPM denies the claim, the claimant may seek OPM reconsideration. 5 C.F.R. Ch. 1 § 831.109(a). If reconsideration is denied, the claimant may seek relief from the MSPB. 5 C.F.R. Ch. 1 § 831.110. The MSPB has the power to certify a class. 5 C.F.R. Ch. II

its argument that plaintiffs must exhaust administrative procedures, OPM invokes the teaching of *Lindahl v. OPM,* 470 U.S. 768, 797, 105 S.Ct. 1620, 1636–37, 84 L.Ed.2d 674 (1985) and *United States v. Fausto,* 484 U.S. 439, 449, 108 S.Ct. 668, 674–75, 98 L.Ed.2d 830 (1988), that "duplicate, wasteful and inefficient" judicial review should be avoided. At least with respect to plaintiffs' claims about calculations and payments under the Civil Service Retirement Act, that argument is unpersuasive. Ms. Wassenaar sought and received judicial review of OPM's position from the Federal Circuit in *Wassenaar.* The doctrine of *stare decisis* binds the administrative tribunals to the Federal Circuit ruling.[2] *See Yellow Taxi Co. of Minneapolis v. NLRB,* 721 F.2d 366, 382–83 (D.C.Cir.1983); *Ithaca College v. NLRB,* 623 F.2d 224, 228 (2d Cir.), *cert. denied,* 449 U.S. 975, 101 S.Ct. 386, 66 L.Ed.2d 237 (1980). Requiring a thousand applicants, or even these ten, to repeat the procedural steps Ms. Wassenaar took in order to reach the same outcome would not foster the policy goal of eradicating waste, duplication and inefficiency.

The OPM argument fails moreover to address plaintiffs' allegation, which must be taken as true for purposes of this motion, that members of a putative class of survivors eligible for recalculated annuities do not know of their eligibility. The requirement to exhaust administrative remedies may not be used to deny relief to a class of such persons. *Bowen v. City of New York,* 476 U.S. 467, 481, 106 S.Ct. 2022, 2030–31, 90 L.Ed.2d 462 (1986). In the *City of New York* case, a unanimous Supreme Court reviewed the policy reasons for the exhaustion requirement:

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and *so that it may have an opportunity to correct its own errors,* to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Id.* at 484, 106 S.Ct. at 2032, *quoting Weinberger v. Salfi,* 422 U.S. 749, 765, 95 S.Ct. 2457, 2466–67, 45 L.Ed.2d 522 (1975) (emphasis added). Those policy reasons do not apply, the Court observed, in a case involving a "system-wide, unrevealed policy" of agency action, rather than simply an individual who seeks review of an particular error in his own proceeding. *Id.,* at 484–85, 106 S.Ct. at 2032–33. The policy reasons do not apply to this case either, particularly in the face of plaintiffs' unanswered allegation that OPM has no intention voluntarily to "correct its own errors."[3]

■ I do agree with OPM, however, that I have no jurisdiction to hear plaintiffs' claims for recalculated survivors' annuities under the Federal Employees' Retirement System ("FERS"), 5 U.S.C. § 8415. The *Wassenaar* case did not deal with FERS-related benefits, but only with specific provisions of the Civil Service Retirement Act ("CSRA"), 5 U.S.C. § 8339. *Stare decisis* does not apply to the FERS-related claims. Plaintiff's invitation to apply *Wassenaar*'s analysis to the language of FERS and to calculations made under FERS must be declined because there has been no exhaustion of administrative procedures. *Heckler v. Ringer,* 466 U.S. 602, 616–17, 104 S.Ct. 2013, 2022–23, 80 L.Ed.2d 622 (1984).

3. *Mandamus and declaratory relief.*

■ This court's jurisdiction of plaintiff's claims for judgment and mandamus is

§ 1201.27. Appeals from the MSPB are to the Federal Circuit. 5 U.S.C. § 8357.

2. In general, the doctrine of stare decisis dictates that an appellate court and lower courts bound by that court's decision abide by an appellate court decision unless it has been reversed by the same court sitting *en banc* or by the Supreme Court. *Brewster v. Comm'r of Internal Revenue,* 607 F.2d 1369, 1373 (D.C.Cir.1979); *United States v. Caldwell,* 543 F.2d 1333, 1369 n. 19 (D.C.Cir.1974), *cert. denied,* 423 U.S. 1087, 96 S.Ct. 877, 47 L.Ed.2d 97 (1976).

3. It appears that OPM has notified some survivors and provided them with enhanced benefits pursuant to *Wassenaar.* Indeed, the filing of this lawsuit appears to have prompted OPM to take corrective action with respect to about half of the ten named plaintiffs. It is unclear whether OPM has readjusted annuity payments to other, nonnamed survivors who applied for CSRA or FERS benefits before the *Wassenaar* ruling.

clear: Original jurisdiction of mandamus actions is conferred on district courts by 28 U.S.C. § 1361. Sovereign immunity is no defense to an action for mandamus. *Bowen v. Massachusetts,* 487 U.S. 879, 899, 108 S.Ct. 2722, 2734–35, 101 L.Ed.2d 749 (1988); *Haneke v. Secretary of HEW,* 535 F.2d 1291, 1296 n. 14 (D.C.Cir.1976); *Hubbard v. EPA,* 949 F.2d 453, 470 (D.C.Cir.1991) ("The legislative history of § 702 [of the APA] makes clear that it 'withdraw[s] the defense of sovereign immunity in actions seeking relief other than money damages, such as an injunction, declaratory judgment, or writ of mandamus.'"). Declaratory relief may be granted in conjunction with mandamus jurisdiction. *National Treasury Employees Union v. Nixon,* 492 F.2d 587, 616 (D.C.Cir.1974).

OPM's mandamus argument is thus not really about jurisdiction, but instead about whether plaintiffs' petition for mandamus can possibly succeed.

■ The extraordinary remedy of mandamus is only appropriate if (1) the petitioner has a clear right to relief; (2) the respondent has a clear duty to act; and (3) no other adequate remedy is available. *Council of & for the Blind, Inc. v. Regan,* 709 F.2d 1521, 1523 (D.C.Cir.1983).

a. *Right to relief.*

■ Plaintiffs receiving annuities under the CSRA are alleged to be in the same situation as Ms. Wassenaar, who has followed the prescribed administrative procedures and obtained a judgment that is binding upon defendant. Plaintiffs' ultimate right to relief has yet to be determined, but the allegations of the complaint and the analysis set forth in the first two sections of this memorandum are a sufficient basis on which to conclude that plaintiffs may indeed prevail on this element.

b. *Duty to act.*

■ In order to satisfy this element, plaintiffs must establish that the official act in question is ministerial and not discretionary, and that the obligation to act is peremptory and clearly defined. *National Treasury Employees Union v. Nixon,* 492 F.2d 587,

602 (D.C.Cir.1974). It is by now very clear that it would "greatly impair[ ] . . . the value of the writ [of mandamus]" if "[e]very executive officer whose duty is plainly devolved upon him by statute might refuse to perform it, and when his refusal is brought before the court he might successfully plead that the performance of the duty involved the construction of a statute by him . . ." *Roberts v. United States,* 176 U.S. 221, 231, 20 S.Ct. 376, 379–80, 44 L.Ed. 443 (1900). Thus, once the controlling statute is authoritatively interpreted, as it has been in *Wassenaar,* that interpretation "creates a peremptory obligation for the officer to act, [and] a mandamus action will lie." *13th Regional Corp., Inc. v. Department of Interior,* 654 F.2d 758 (D.C.Cir.1980) (*citing Roberts, supra* ); *Haneke v. Secretary of HEW,* 535 F.2d 1291, 1296 n. 16 (D.C.Cir.1976); *National Treasury Employees Union v. Nixon,* 492 F.2d 587, 602 (D.C.Cir.1974); *Seaton v. Texas Co.,* 256 F.2d 718, 723 (D.C.Cir.1958).

OPM's reliance on *Nordstrom v. United States,* 342 F.2d 55, 59, 169 Ct.Cl. 632 (1965), for the proposition that it is under no obligation to give notice to all eligible spouses, is misplaced. *Nordstrom* held only that a plaintiff affected by a new statute, enacted to change the law established by a previous statute, had no right to be notified of the change. The Court of Claims' rationale was that the federal government is under no obligation to inform people of changes in legislation, absent mandatory instructions from Congress or the President. In this case, unlike *Nordstrom,* there was no change in legislation; instead, OPM erroneously interpreted existing legislation and reached a result that was contrary to the intent of Congress. *Nordstrom* does not support a rule that victims of such error—one that has been corrected by a judicial ruling—need not be notified of their right to relief. *Davis v. OPM,* 918 F.2d 944, 946 (Fed.Cir.1990), is also inapposite. *Davis* held that OPM had no duty to notify plaintiffs of their rights to *file* claims for benefits. The plaintiffs in this case, and persons similarly situated, have already filed and are already receiving annuities, and the question now is whether OPM has the duty to notify them that their claims were incorrectly handled.

As for the ministerial or discretionary nature of the duty in question, the recalculation of annuities under the correct statute appears, at least on the basis of the record as it now exists, to involve the application of arithmetic to objective facts—an exercise neither requiring nor indeed permitting the exercise of discretion.

### c. *Absence of other adequate remedy.*

This element of mandamus also appears to be satisfied. Class relief has already been refused by the Merit Systems Protection Board. The Court of Appeals for the Federal Circuit cannot grant declaratory relief and lacks the authority to grant the equitable relief sought. *Bowen v. Massachusetts,* 487 U.S. 879, 907, 108 S.Ct. 2722, 2738–39, 101 L.Ed.2d 749 (1988); *Motorola, Inc. v. United States,* 988 F.2d 113, 115 (Fed.Cir.1993); *Overall Roofing & Construction, Inc. v. United States,* 929 F.2d 687, 688–90 (Fed.Cir. 1991).

It thus appears that this court has subject matter jurisdiction of plaintiffs' suit for mandamus and declaratory judgment with respect to the calculation and payment of annuities to plaintiffs themselves under 5 U.S.C. § 8339(d)(1).

### 4. *What is left undecided.*

The analysis set forth above does not decide whether a declaratory judgment will issue or whether this Court will grant relief in the nature of mandamus. The parties and the court must now focus on the mechanics, reasonableness and cost of the notification and calculation sought by plaintiff, the exact nature of any requested relief, and whether class certification is necessary or appropriate. Although the provisions of Local Rule 206 are not entirely applicable to this case, the parties are urged to meet and confer about these matters in advance of a status conference, which will be set by separate order.