Ginger ANSELMO, et al., Plaintiffs,

v.

James B. KING, Director of Office of Personnel Management, Defendant.

Civil Action No. 94–0895 (JR).

United States District Court, District of Columbia.

Oct. 11, 1996.

David U. Fierst, Stein, Mitchell & Mezines, Washington, DC, for Plaintiffs.

Lisa S. Goldfluss, Assistant U.S. Attorney, Washington, DC, for Defendant.

### MEMORANDUM

ROBERTSON, District Judge.

Almost exactly a year ago, on October 13, 1995, this Court issued an order granting in part and denying in part defendant's Rule 12(b)(1) motion to dismiss for want of subject matter jurisdiction. The reasons for that order are set forth in a memorandum dated October 30, 1995, 902 F.Supp. 273, and will not be repeated here. The Court understood from representations made at a subsequent status conference held on December 6, 1995, that defendant OPM was preparing to send notices to the persons who would be eligible for recalculation of their survivor annuities under the rule of *Wassenaar v. OPM,* 21 F.3d 1090 (Fed.Cir.1994). That has not happened. Instead, OPM "provided information" about the *Wassenaar* decision on a 24-hour dial-in line (disseminating in that telephone message a position on the meaning of the *Wassenaar* decision that is disputed by plaintiffs); notified other *agencies* of the criteria (disputed criteria) it would use to decide whether to pay enhanced survivor benefits; and issued a press release. OPM has neither identified nor directly notified the approximately 300 persons it agrees would receive enhanced benefits (if only they would apply for them), and OPM has actively discouraged the approximately 1,000 additional persons who would receive more money if, contrary to OPM's interpretation of *Wassenaar,* the survivor annuity payable to widows and widowers of law enforcement officers and firefighters who died in service under the Civil Service Retirement System and had not completed at least 20 years of law enforcement or firefighter service.

OPM continues to resist the notion that it has any obligation to identify and make whole the people who have been receiving too little money in their annuity checks because of what the Federal Circuit called OPM's "unreasonable" interpretation of the applicable laws. Indeed, as soon as it had executed its rather perfunctory publicity campaign following this Court's order of October 13, 1995, OPM filed a second motion to dismiss,[1] this time asserting that plaintiffs lack standing. OPM has also continued to deny enhanced benefits to the widowed spouses of firefighters and law enforcement officers who died with less than 20 years of service, thus setting up a second appeal to the Federal Circuit by which OPM seeks to reduce the number of people who could benefit from the *Wassenaar* decision (if they knew enough to apply) from about 1300 to about 300. OPM's most recent motion seeks a stay of all proceedings in this case pending the Federal Circuit's consideration of the appeal in *Londa Moore v. OPM,* MSPB No. SL–0831–95–0307–I–1, decided June 14, 1996.

---

1. The second motion to dismiss was not too late. Rule 12(h)(2).

Plaintiffs oppose the standing motion and cross-move for summary judgment and for certification of a plaintiff class consisting of "surviving spouses and former spouses of federal law enforcement officers and fire-fighters who died other than in the performance of their duty having accumulated at least 18 months of service, but before attaining age 50 and/or before accumulating 20 years of service."

For the reasons set forth below, the government's motion to dismiss and plaintiff's motion for summary judgment will both be denied, and the proposed plaintiff class will be certified. Plaintiff will be directed to submit a proposed form of class notification and a proposed form of order setting forth in detail the steps it contends OPM must take to identify annuitants and pay them the survivor benefits to which they are entitled.

### 1. *Standing.*

■ OPM's assertion that plaintiffs lack standing is grounded in the faulty premise that the only injury plaintiffs have alleged is lack of notice. While it is clear that plaintiffs have avoided characterizing their case as one for money damages in order to sidestep the government's sovereign immunity defense, see 902 F.Supp. at 275, it is not true that lack of notice is the only injury of which they complain. Plaintiffs allege both lack of notice and OPM's failure to disburse proper payments to surviving spouses, and they allege (Amended Complaint, ¶ 13) that OPM "continues to deprive such surviving spouses and former spouses of the survivor annuities rightfully due to them." Plaintiffs' counsel did not orally amend those pleadings during appearances before the Court, nor have counsel conceded away their clients' standing.

### 2. *Class certification.*

■ The class that plaintiffs seek to represent meets the Rule 23(a) requirement of numerosity, and no question is raised on this record as to whether the representative parties will fairly and adequately protect its interests. What defendants do argue is that plaintiffs cannot demonstrate the requisite commonality (Rule 23(a)(2)) or typicality (Rule 23(a)(3)). Those two requirements are easily satisfied, however, by the claim of the representative parties that OPM should re-calculate the annuities and pay all class members, and by the questions of law involved in OPM's continuing refusal to step up to the task of identifying eligible annuitants and calculating their benefits or (in the case of the widowed spouses of decedents who had fewer than 20 years of service) even to recognize claims for survivor annuity benefits. Those questions predominate over issues that affect only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The claims of unnamed members of a class are not "inexorably" mooted by the provision of relief to named plaintiffs. *Sosna v. Iowa,* 419 U.S. 393, 397–403, 95 S.Ct. 553, 556–559, 42 L.Ed.2d 532 (1975).[2]

A number of questions concerning the proper management of this class action remain to be considered, including without limitation the nature of the notice to be provided to class members, how it is to be sent, and who should pay for it. The Court will consider proposals by the parties.

### 3. *Relief.*

It is not clear from the record in its present state of development whether relief in the nature of mandamus can be granted and, if so, exactly what form that relief may take. Depositions to explore OPM's assertions of administrative burden (see OPM opposition memo, pp. 27–31; Declaration of John Landers) might assist the parties in presenting a detailed proposal to the Court and illuminate what is now the central question in this case,

---

**2.** The Supreme Court carefully noted in *Sosna* that "[t]here must ... be a named plaintiff who has such a case or controversy at the time the complaint is filed, and at the time the class action is certified by the District Court pursuant to Rule 23...." 419 U.S. at 402, 95 S.Ct. at 559. At least plaintiffs Kolodji, Licata, Magram

and Mooradian had not received survivor annuity benefits when they moved for summary judgment and for class certification. They are all widowed spouses of persons who died with fewer than 20 years service. In view of OPM's position in *Londa Moore,* the Court assumes that each of them still has a case or controversy.

namely, what are the "mechanics, reasonableness and cost of the notification and calculation sought by plaintiff [and] the exact nature of any requested relief ...?" 902 F.Supp. at 277.

4. *Stay or partial stay.*

The *Wassenaar* decision is controlling law. That opinion states, 21 F.3d at 1097:

"In the case of a retirement annuity, the employee must satisfy the particular age and service requirements specific to his type of employment. In the case of a survivor annuity, the employee must die after completing at least 18 months of civilian service. These two triggering mechanisms are separate and distinct from one another, and we can see no reason— either by mandate of Congress or by the dictates of logic—that they should be intermingled to form a sort of hybrid annuity, i.e., one that requires an arbitrary and somewhat perverse combination of age, service, and untimely death."

Until or unless the Federal Circuit changes its mind, or finds some reason (not apparent to this Court) why the widowed spouses of firefighters and law enforcement officials who died before fulfilling 20 years of service are not entitled to survivor annuity benefits, the *Wassenaar* rule will be applied in this Court to all members of the new plaintiff class.

The pendency of the *Londa Moore* case before the Federal Circuit does not require a stay of proceedings in this Court—not, at least, while those proceedings consist of discovery, motions practice, and the presentation of proposed orders. There will be time enough to consider the appropriateness of a partial stay if and when relief in the nature of mandamus is about to be ordered.