**David DAVIS, Petitioner,**

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

**No. 90–3186.**

United States Court of Appeals,
Federal Circuit.

Nov. 6, 1990.

David Davis, Bronx, N.Y., submitted pro se.

Gordon A. Jones, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for respondent.

Before ARCHER, Circuit Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.

LOURIE, Circuit Judge.

David Davis appeals, *pro se*, the decision of the Merit Systems Protection Board (Board), 43 M.S.P.R. 340 (1990), sustaining the decision of the Office of Personnel Management (OPM) that petitioner was not entitled to receive unpaid survivor annuity benefits to which his mother may have been entitled, because no claim for a survivor annuity was filed for his mother before her death. We affirm.

## BACKGROUND

When Abraham Davis, annuitant of a civil service pension, retired from the United States Postal Service in 1963, he elected to receive a reduced pension in order to provide a survivor annuity for his wife, Minna Davis. In 1983, Abraham Davis notified the OPM by letter that he and his wife were in poor health; he consequently gave his son, David Davis (petitioner here), power of attorney over his affairs. He also stated that in the event of his death, Minna's survivor annuity check should be drawn to David, who should pay the funds to Minna. Abraham Davis died on May 2, 1987. On August 3, 1987, Minna Davis died, without having filed a survivor's claim to an annuity.

After his father's death, David Davis notified the OPM, which sent him both an application for death benefits for his mother and a Representative Payee Information questionnaire to determine the proper payee. David denies receiving any of this information. On March 14, 1988, more than seven months after Abraham Davis died, OPM received David's application for survivor benefits for Minna. The application sought benefits for the period between the death of Abraham Davis and the death of Minna Davis, suggesting that annuity payments had accrued over this period. OPM denied the application because the application was not filed for Minna before her death.

The administrative judge (AJ) affirmed the OPM's decision, citing 5 C.F.R. §§ 831.-619(a), 831.620(b), and stating that David

> was laboring under a misconception that no in vivo application was necessary to enforce her inchoate right to the survivor annuity. This right died with her and, as her representative, he cannot aspire to any greater rights than those possessed by his principle [*sic*].

The Board affirmed the AJ's ruling that the statute requires that the surviving spouse is entitled to a survivor annuity only if the spouse files an application during her lifetime. The Board also found that the AJ did not err in denying David Davis' request to have witnesses testify at the hearing.

## DISCUSSION

### I.

Under 5 U.S.C. § 7703(c), the Board's action must be affirmed unless it is found to be, *inter alia*, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." With this standard of review in mind, the issue before us is whether the Board erred in deciding that a survivor's estate or beneficiary is not entitled to any survivor annuity benefits when application for the benefits was made by an heir or a representative of the survivor's estate after the survivor's death.

The applicable statutory provisions are 5 U.S.C. § 8345(i)(2) (1990) and 5 U.S.C. § 8331(11) (1990). The former provides that:

> after the death of an employee, Member, or annuitant, no benefit based on his service shall be paid from the Fund unless an application therefor is received in the Office of Personnel Management within 30 years after the death or other event which gives rise to title to the benefit.

Section 8331(11) defines a survivor annuitant as "a survivor who files claim for annuity." The OPM regulations explain these provisions further, stating that:

A survivor of a deceased employee, Member, or retiree, may file an application for annuity, personally or through a representative, at any time within 30 years after the death of the employee, Member, or retiree.

5 C.F.R. § 831.619(a) (1990). It is clear from the statute and the regulations that an application must be filed before a survivor annuity benefit can be paid. The present case, therefore, is different from situations where Congress has expressly caused a right in money to "vest" automatically on the death of the retiree. *See, e.g., Hart v. United States*, 910 F.2d 815, 817 (Fed.Cir.1990) (under 10 U.S.C. § 1450(a), military survivor annuity payable automatically on annuitant's death). Here the right does not vest automatically; an application must first be filed before there is any entitlement to a survivor annuity.

Although section 8345(i)(2) and the regulations thereunder permit an application for a survivor annuity to be filed within thirty years of the death of an employee, Member, or annuitant, we are convinced that the statute requires that it be filed by the survivor. Section 8331(11) plainly says that a survivor annuitant is "a survivor who files claim." Undoubtedly, by recognizing that a survivor may find it difficult or impossible because of mental or physical impairment to personally comply with this provision, the OPM regulations, 5 C.F.R. § 831.619(a), provide limited relief by saying that the application may be filed "personally or through a representative." This provision, however, must be construed to be limited to a survivor or a representative of the survivor, while the survivor is living. Otherwise, the regulation would go beyond the statutory definition of annuitant. The statute and regulations do not contemplate an application filed after the death of the survivor by a representative of the survivor's estate or by a beneficiary of the survivor. Accordingly, if a potential survivor annuitant does not make application during his or her lifetime, there can be no accrual of any unpaid annuity.

■ Moreover, an agency's interpretation of the statute it is charged with administering is entitled to deference. We believe that, on a question such as we have here, where a party is arguing for an annuity which finds no basis at all in the statutory framework, the agency's interpretation is persuasive. *See Madison Galleries v. United States*, 870 F.2d 627 (Fed.Cir. 1989).

In this case, Minna Davis, who was Abraham's survivor and potential survivor annuitant, never filed for the annuity, either personally or through her representative. She therefore never became a survivor annuitant and never became entitled to the annuity payments. For these reasons, we agree with the Board's determination and hold that the OPM's rejection of David Davis' claim to his mother's potential survivor annuity benefits was correct.

## II.

■ The Board also found that the AJ properly denied petitioner's request for witnesses. A determination whether the testimony of witnesses should be presented is within the sound discretion of the AJ. *See Tiffany v. Department of the Navy*, 795 F.2d 67, 70 (Fed.Cir.1986). Petitioner claims that the AJ's refusal to grant his request for witnesses constituted a denial of due process of law. However, petitioner has failed to come forward with evidence that the documents submitted were insufficient, or that the witnesses' testimony would add anything to the information in the record. In light of this failure, we hold that the AJ did not abuse his discretion.

■ Finally, petitioner argues that the OPM has a duty to give notice to mentally incompetent survivors like his mother. We disagree. There is no statutory duty imposed on OPM to notify potential survivor annuitants of the requirement to file a claim for an annuity. *See Nordstrom v. United States*, 169 Ct.Cl. 632, 342 F.2d 55, 59 (1965) (no duty of notice of change in law absent mandatory instructions from

Congress or the President). The government is not responsible for providing instructions to each potential annuitant.

## CONCLUSION

The Board's holding that there was no legal basis to award survivors' benefits to the heir of a survivor who did not claim her annuity benefit during her lifetime is in accordance with the law. Additionally, the AJ did not err in denying the petitioner's request for witnesses. We therefore affirm the Board's decision.

AFFIRMED.