925 F.2d 1479
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rosalinda S. SALARZON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3411.
 United States Court of Appeals, Federal Circuit.
 Jan. 18, 1991.
 
 Before RICH, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner appeals from the April 13, 1990 decision of the Merit Systems Protection Board (Board), Docket No. SE08318910606, which reversed the October 20, 1989 Initial Decision of the Administrative Judge (AJ). We affirm.
 
 OPINION
 
 2
 Petitioner, an unmarried adult child of a deceased former Federal employee who retired under the Civil Service Retirement Act, seeks survivor annuity benefits pursuant to 5 USC 8341(a)(4)(B), (e)(2). To qualify for these benefits, petitioner must be "incapable of self-support because of mental or physical disability incurred before age 18...." Id. at (a)(4)(B).
 
 
 3
 In her Initial Decision, the AJ reversed respondent's denial of benefits. Although the AJ found that petitioner's physical disability did not prevent her from performing non-strenuous work, i.e., work requiring clerical or telephone skills, she concluded that petitioner qualified for benefits under 5 USC 8341(a)(4)(B). The AJ found credible petitioner's testimony that she was unable to obtain any employment within her physical capability, and that she could not use the available public transportation in the Philippines--jeepneys and buses--to get to work. The AJ surmised that petitioner lacked the financial means to use cars or taxicabs on a regular basis. For these reasons, the AJ concluded, petitioner is "essentially unemployable within her commuting area in the Philippines."
 
 
 4
 Granting respondent's petition for review of the Initial Decision, the Board reversed the AJ. Petitioner's "limited mobility does not establish that she is incapable of self-support," the Board explained. Additionally, the Board found no basis in the record to support the AJ's conclusion that petitioner's financial condition precluded her from using cars or taxicabs to get to work.
 
 
 5
 Although we sympathize with petitioner's plight, our standard of review is limited in scope. We may not overturn the Board's decision unless it was arbitrary, capricious, contrary to the law, an abuse of discretion, or unsupported by substantial evidence. 5 USC 7703(c). The decision turned on the Board's interpretation of the phrase "incapable of self-support." An agency's interpretation of the statute it is charged with administering is entitled to deference. Davis v. Office of Personnel Management, 918 F.2d 944, 946 (Fed.Cir.1990). In view of the unchallenged factual finding that petitioner is physically capable of performing non-strenuous work, we cannot say that the Board's determination that petitioner was not "incapable of self-support" was erroneous or unreasonable. We accordingly affirm.