980 F.2d 742
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jerry S. MARINIS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3385.
 United States Court of Appeals, Federal Circuit.
 Oct. 2, 1992.
 
 Before MICHEL, PLAGER and RADER, Circuit Judges.
 DECISION
 RADER, Circuit Judge.
 
 
 1
 Jerry S. Marinis petitions for review of the Administrative Judge's (AJ's) decision of December 26, 1991, SF831E911009-I-1, which became the final decision of the Merit Systems Protection Board when the full Board denied review on April 15, 1992. The AJ affirmed the Office of Personnel Management's (OPM's) reconsideration decision denying Mr. Marinis's application for disability retirement benefits as untimely. Because Mr. Marinis filed his application beyond the statutory time limit and because he does not fall within the statutory exception for mental incompetence, this court affirms.
 
 OPINION
 
 2
 The Federal Aviation Administration removed Mr. Marinis from his position as an air traffic controller on August 26, 1981. Nearly ten years later, in April 1991, OPM received Mr. Marinis's application for disability retirement benefits. On August 19, 1991, the Office of Personnel Management denied Mr. Marinis's application as untimely filed. The AJ affirmed this decision on December 26, 1991.
 
 
 3
 This court affirms the Board's decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 The Disability Retirement statute states:
 
 4
 A claim may be allowed under this section only if the application is filed with the Office [of Personnel Management] before the employee or Member is separated from the service or within 1 year thereafter. This time limitation may be waived by the Office for an employee or Member who at the date of separation from service or within 1 year thereafter is mentally incompetent, if the application is filed with the Office within 1 year from the date of restoration of the employee or Member to competency or the appointment of a fiduciary, whichever is earlier.
 
 
 5
 5 U.S.C. § 8337(b) (1988). The statute required Mr. Marinis to apply for disability retirement benefits either while still employed by the FAA or within one year of his separation. Id. The statute permits waiver of these time limitations only for an employee who is mentally incompetent at the date of separation or within one year thereafter. Id.
 
 
 6
 Mr. Marinis does not allege that he filed his application within the one-year statutory requirement. Nor does Mr. Marinis allege that he falls within the "mental incompetence" exception. Rather, Mr. Marinis argues that the FAA had an affirmative duty to advise him of his retirement obligations. Mr. Marinis cites no authority for this proposition. See Davies v. OPM, 918 F.2d 944, 946-47 (Fed.Cir.1990).
 
 
 7
 Mr. Marinis also argues that the agency obstructed his timely application by withholding pertinent medical records. Mr. Marinis has failed to identify any withheld information that would have prevented him from filing his application within the one-year statutory requirement.