39 F.3d 1197
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eddie C. JACKSON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3294.
 United States Court of Appeals, Federal Circuit.
 Oct. 14, 1994.
 
 Before RICH, MAYER, and SCHALL, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 Eddie C. Jackson (petitioner) seeks review of the February 16, 1994 Initial Decision of the Merit System Protection Board's (Board) Administrative Judge (AJ), Docket No. AT-831E-94-0119-I-1, affirming the Office of Personnel Management's (OPM) October 15, 1993 reconsideration decision denying his request for a disability retirement annuity as untimely filed. The AJ's decision became the final decision of the Board on March 23, 1994. We affirm.
 
 DISCUSSION
 
 2
 Petitioner was separated from his position as a Fire Protection Inspector for the Department of the Army (agency) on November 9, 1991. Prior to his separation from the agency, petitioner received workers compensation which he continued to receive until March 1993. On May 12, 1993, petitioner submitted an application to OPM for disability retirement. OPM denied his application as untimely because it had not been submitted within one year from his separation from the agency and because there was no evidence that petitioner was mentally incompetent either at the time of his separation or within one year from the separation under which circumstances the one year time limit could be waived. After OPM affirmed its initial decision in response to petitioner's reconsideration request, petitioner appealed to the Board. The AJ affirmed OPM's decision. That decision became the final Board decision when petitioner did not appeal to the full Board. Petitioner appealed the Board decision to this court.
 
 
 3
 Our review of Board decisions is defined and limited by statute. We will affirm the Board's decision unless it is:
 
 
 4
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 5
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 6
 (3) unsupported by substantial evidence.
 
 
 7
 5 U.S.C. Sec. 7703(c) (1988).
 
 
 8
 The relevant statute, 5 U.S.C. Sec. 8337, sets forth that:
 
 
 9
 (b) A claim may be allowed under this section only if the application is filed with the Office [of Personnel Management] before the employee ... is separated from the service or within one year thereafter. This time limitation may be waived by the Office for an employee ... who at the date of separation from service or within 1 year thereafter is mentally incompetent ...
 
 
 10
 5 U.S.C. Sec. 8337(b) (1988).
 
 
 11
 Waiver owing to mental incompetency is not at issue here, and it is not disputed that petitioner did not file an application for disability retirement within the time period mandated by statute. Petitioner argues that the one year period should be waived because neither OPM nor the agency notified him of the one year time limit. However, there is no provision in either the statute or the regulations requiring either OPM or the agency to notify petitioner of the time limit. See Davis v. Office of Personnel Management, 918 F.2d 944, 946 (Fed.Cir.1990). Because petitioner did not meet the statutory requirements for receiving disability retirement, the decision of the Board must be affirmed.