61 F.3d 918
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Susie M. HARRIS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3464.
 United States Court of Appeals, Federal Circuit.
 March 14, 1995.
 
 Before NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner appeals from an initial decision of the Merit Systems Protection Board (MSPB or Board), dated May 27, 1994, in Docket No. CH-0831-94-0359-I-1. The MSPB affirmed the decision of the Office of Personnel Management (OPM), which disallowed petitioner's application for a former spouse survivor annuity, because petitioner failed to file her application within the time required by the Civil Service Retirement Spouse Equity Act of 1984, 5 U.S.C. Sec. 8341 note (1988) (Spouse Equity Act). Because neither party filed a petition for review with the Board, the initial decision became final. We affirm the decision of the MSPB.
 
 DISCUSSION
 
 2
 The petitioner married George E. Harris on November 16, 1957. They were divorced in April 1977. He remarried, retired from government service in 1983, and died February 23, 1993. OPM received petitioner's application for a survivor annuity in September 1993. She did not allege that Mr. Harris had elected to provide her with retirement benefits, and she did not claim that she is entitled to an annuity by operation of the express terms of her divorce decree. As previously stated, the OPM denied her application on the ground that she did not file her application with OPM on or before May 7, 1989 as required by the Spouse Equity Act.
 
 
 3
 Before the MSPB, petitioner admitted that she had not filed her application for the annuity until 1993. However, she asked the MSPB to waive her failure to file the application on time on the ground that she never received notice of the May 7, 1989 deadline. Unfortunately for petitioner's case, it is well established that she was not entitled to a waiver of the statutory deadline for the filing of her application. In Davis v. Office of Personnel Management, 918 F.2d 944, 946 (Fed. Cir. 1990), the court held that there is no statutory duty imposed on the OPM to notify potential survivor annuitants of the time requirement for filing a claim for an annuity under the Spouse Equity Act. Moreover, in Iacono v. Office of Personnel Management, 974 F.2d 1326 (Fed. Cir. 1992), the former spouse argued that the deadline should be waived, because she was unaware of the filing deadline and was mentally disabled during the entire time in which she could have filed her application. However, the court concluded that the filing deadline in the Spouse Equity Act is not a period of limitations that can be equitably tolled.