78 F.3d 603
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lillie PALMER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3815.
 United States Court of Appeals, Federal Circuit.
 Feb. 7, 1996.
 
 Before RICH, NEWMAN, and CLEVENGER, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Lillie J. Palmer seeks review of the decision of the Merit Systems Protection Board, SL0831950315-I-1, sustaining the Office of Personnel Management's denial of her application for a former spouse retirement annuity pursuant to the Civil Service Retirement Act (CSRA), 5 U.S.C. § 8331 et seq. We affirm.
 
 DISCUSSION
 
 2
 Mrs. Palmer and Thurman D. Standfield, a United States Postal Service employee, were married on June 7, 1946, and were divorced in January 1962. On July 7, 1963, Mrs. Palmer married Felix Palmer. Mr. Standfield died in February 1972.
 
 
 3
 OPM was forwarded a letter dated March 14, 1995 from Mrs. Palmer to her Congressman, inquiring about her eligibility for a former spouse annuity based on Mr. Standfield's federal service. OPM treated the letter as an application for survivor annuity. On April 7, 1995, OPM denied Mrs. Palmer's application. On appeal to the Merit Systems Protection Board, the administrative judge explained that Mrs. Palmer, as a former spouse of a federal employee who retired prior to May 7, 1985, could qualify for a former spouse annuity only if she met the requirements of the Spouse Equity Act. The Board found that Mrs. Palmer failed to meet the requirement that the former spouse applies to OPM for survivor annuity benefits by May 7, 1989. See Civil Service Retirement Spouse Equity Act of 1984, Pub.L. No. 98-615, § 4(b)(1)(B)(iv), 98 Stat. 3195, 3205, as amended by Federal Employee Benefits Improvement Act of 1986, Pub.L. No. 99-251, § 201(b)(1)(C), 100 Stat. 14, 22; Act of Jan. 8, 1988, Pub.L. No. 100-238, § 127(2), 101 Stat. 1744, 1758 (quoted as amended at 5 U.S.C.A. § 8341 (West Supp.1995), Historical and Statutory Notes, Effective Date of 1984 Amendments); See also 5 C.F.R. § 831.683(a) (1995).
 
 
 4
 Mrs. Palmer argues that the filing deadline should be waived because she was not informed that she may be entitled to annuity benefits under the Spouse Equity Act. In Davis v. Office of Personnel Management, 918 F.2d 944, 946 (Fed.Cir.1990) the court held that there is no statutory duty on the OPM to notify potential survivor annuitants of the time requirement for filing a claim for an annuity under the Spouse Equity Act. In Iancono v. Office of Personnel Management, 974 F.2d 1326, 1328 (Fed.Cir.1992) the court concluded that the filing deadline in the Spouse Equity Act can not be equitably tolled.
 
 
 5
 In view of law and precedent, the Board's decision that Mrs. Palmer did not meet the statutory eligibility requirement of the Spouse Equity Act § 4(b)(1)(B)(iv) is affirmed.