82 F.3d 434
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Daryl W. CHILCUTT, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3054.
 United States Court of Appeals, Federal Circuit.
 March 14, 1996.
 
 Before RICH, MICHEL and CLEVENGER, Circuit Judges.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Daryl Chilcutt petitions for review of the September 25, 1995 initial decision of the Administrative Judge (AJ) sustaining the reconsideration decision of the Office of Personnel Management (OPM) which (1) denied Chilcutt's request to make an untimely deposit in order to receive credit under the Civil Service Retirement System (CSRS), (2) determined that OPM had overpaid $3,877.00 in annuity benefits, and (3) denied Chilcutt's request for waiver of the overpayment. The initial decision became final on October 30, 1995 by operation of law. This appeal timely followed. Because petitioner's contentions on appeal are insufficient under law and he fails to show that the facts as found cannot stand, we affirm.
 
 DISCUSSION
 
 2
 A civil service annuitant such as Chilcutt who retires after September 7, 1982 is entitled to credit for active-duty military service performed after 1956 under both the civil service retirement and social security systems, but only if he deposits with the Civil Service Retirement Fund a sum equal to seven percent of his total post-1956 military pay. 5 U.S.C. §§ 8332(j), 8334(j) (1988 & Supp. V 1993). An annuitant must make the seven percent deposit before he is separated or before OPM has finally processed his retirement application. 5 C.F.R. §§ 831.301(a)(3), 831.2107 (1995). If an annuitant fails to make the requisite deposit, OPM must recompute the person's annuity payment when the person first becomes eligible for social security benefits. The recomputation excludes credit for the post-1956 military service for which no timely deposit had been made to earn entitlement to credit. 5 U.S.C. § 8332(j)(1).
 
 
 3
 The AJ found and Chilcutt concedes that he did not make the requisite deposit. Chilcutt alleges, instead, that he should be allowed to make the untimely deposit because he received insufficient information from an agency representative at a group briefing to prepare employees for retirement.
 
 
 4
 Two grounds exist for allowing an annuitant to make the deposit even after retirement and after OPM's final ruling on his application. First, if the annuitant did not make the deposit because of administrative error, the agency may permit him to make a deposit within a time limit set by OPM. See 5 C.F.R. § 831.2107(a)(1). No administrative error, such as a failure to enter data into a government record, is alleged here. Instead, Chilcutt alleges that the agency did not sufficiently notify him that his annuity would be reduced if he failed to make the required deposit. This court has established that the agency does not have an obligation to notify the annuitant as to the consequences of not making the appropriate deposit. See Collins v. Office of Personnel Management, 45 F.3d 1569, 1573-74 (Fed.Cir.), cert. denied, 116 S.Ct. 472 (1995); see also Davis v. Office of Personnel Management, 918 F.2d 944, 946-47 (Fed.Cir.1990). Moreover, Chilcutt was on notice that his failure to make a deposit would affect his annuity because the Standard Form (SF) 2801 he filled out so stated; it also clearly informed him that the deposit was required prior to separation.
 
 
 5
 Second, to be allowed to make a belated deposit, an annuitant may also demonstrate "affirmative misconduct" by the employing agency or OPM. Chilcutt suggests that because he asked the agency representative a "specific question," which the agency representative did not answer to his satisfaction, the agency was guilty of affirmative misconduct. The AJ found, however, and the record supports, that the representative merely engaged in a general discussion regarding social security benefits. No misstatement is alleged. There is no evidence that the representative misled Chilcutt; rather, Chilcutt complains that the representative did not provide sufficient information to answer Chilcutt's question during the group briefing on retirement. Chilcutt himself concedes that "[i]t's not that the Human Resources Office gave bad or false information; it's a matter of not imparting sufficient information to help me make an intelligent decision." Chilcutt argues, however, that our decision in Collins supports allowing a post-retirement deposit where the annuitant requested "specific information" which was denied by the agency. The argument is unavailing. In Collins, we clearly held that, absent an affirmative misrepresentation by the agency or OPM, an annuitant is bound by his election. 45 F.3d at 1573-74. The agency does not have to supply all explanations the employee desires.
 
 
 6
 Moreover, Chilcutt does not deny that the SF 2801 he filed notified him that his failure to make a deposit would affect his annuity. Thus, the AJ's finding that it was unreasonable for Chilcutt to rely on a non-response from the agency representative as an affirmative representation that his annuity would be unaffected cannot possibly be arbitrary, capricious, an abuse of discretion, not in accordance with the law, or unsupported by substantial evidence.
 
 
 7
 Finally, Chilcutt argues that, due to lack of sufficient notice concerning the effect of not making a deposit and due to the delay in reducing his annuity, it would be inequitable for OPM to recover its overpayment of $3,877.00 in annuity benefits. To receive a waiver of OPM's right to recovery of an overpayment, the annuitant must be without fault as to the overpayment and recovery from the annuitant must be against equity and good conscience. 5 U.S.C. § 8346(b). The AJ found, and the government does not contest, that the overpayment was not Chilcutt's fault. But Chilcutt stipulated that he is not claiming financial hardship or raising any other claim for a waiver other than that the agency was "negligent" and that he will suffer economic harm. The AJ concluded that the agency's ten-month delay was not "so negligent and egregious that collection of the overpayment offends equity and good conscience." Because the ten-month delay is well within the range of delay that the Board has found reasonable in previous decisions, and because Chilcutt does not allege any unusual circumstances amounting to financial hardship, we cannot conclude that the AJ was arbitrary, capricious, or abused his discretion in finding OPM's delay reasonable. Additionally, Chilcutt does not challenge the AJ's finding that Chilcutt did not provide evidence that he "detrimentally relied" on the money to make repairs because he did not document when the repairs were made, at what cost, or their impact on his monthly income. Thus, we cannot disturb the AJ's ruling that Chilcutt is not entitled to a waiver of OPM's right to recover the overpayment, since it has not been shown to be an abuse of discretion or based on findings of fact lacking substantial evidentiary support.
 
 
 8
 The Board decision is therefore affirmed.