Barbara M. RIZZO, Petitioner,

v.

**SOCIAL SECURITY ADMINISTRATION, Respondent.**

No. 01–3175.

United States Court of Appeals, Federal Circuit.

Dec. 10, 2001.

Rehearing and Rehearing En Banc Denied Feb. 20, 2002.

Before SCHALL, Circuit Judge, ARCHER, Senior Circuit Judge, and BRYSON, Circuit Judge.

### DECISION

PER CURIAM.

Barbara M. Rizzo petitions for review of the final decision of the Merit Systems

Protection Board ("Board"), No. SF–0752–99–0279–I–3, that dismissed for lack of jurisdiction her appeal of her alleged involuntary resignation from her position at the Social Security Administration ("SSA" or "agency"). We *affirm*.

## DISCUSSION

### I.

On February 3, 1999, Ms. Rizzo resigned from her position as an attorney in the SSA. She then filed an appeal with the Board, alleging that her resignation was involuntary because, beginning in late 1997, her new supervisors, Ms. Churchill and Ms. Walli, engaged in acts of harassment against her that made her working conditions intolerable. According to Ms. Rizzo, these acts were in retaliation for her having engaged in protected union activities. Following a hearing, the administrative judge ("AJ") to whom the case was assigned ruled that Rizzo's resignation was voluntary and that the Board therefore lacked jurisdiction, requiring dismissal of the appeal. The AJ's initial decision thereafter became the final decision of the Board when the Board denied Ms. Rizzo's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115. This appeal followed.

### II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703; *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir. 1998).

■ A decision to resign or retire is presumed to be voluntary. *Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1340 (Fed.Cir. 2001). An employee who voluntarily resigns or retires has no right to appeal to the Board. *Id.* at 1340–41. The Board possesses jurisdiction over an appeal filed by an employee who has resigned or retired if the employee proves, by a preponderance of the evidence, that his or her resignation or retirement was involuntary and thus tantamount to a forced removal. *Id.* at 1341. That is, an involuntary resignation constitutes a constructive removal that is appealable to the Board. *Id.*

■ To establish involuntariness on the basis of coercion, an employee must show that: (1) the agency effectively imposed the terms of the employee's resignation or retirement; (2) the employee had no realistic alternative but to resign or retire; and (3) the employee's resignation or retirement was the result of improper acts by the agency. *Id.* We apply an objective standard in consideration of whether an employee involuntarily resigned or retired. *Id.* at 1342. Under that standard, the employee must present allegations of fact, which, if proven, establish that a reasonable employee confronted with the same circumstance would feel coerced into resigning. *Id.* To objectively determine whether a reasonable person in the employee's position would have felt compelled to resign, a deciding tribunal must consider the totality of the circumstances. *Id.*

■ Ms. Rizzo's principal argument on appeal is that the Board's findings are not supported by substantial evidence. We disagree. We conclude that there is substantial evidence to support the AJ's conclusion that Ms. Rizzo resigned because she disliked her job, not because she faced a working environment that was so hostile that it deprived her of any other choice but to resign.

To begin with, the evidence in the record shows that Ms. Rizzo was actively pursuing other employment well before the arrival of Ms. Walli in December of 1997 and the arrival of Ms. Churchill in October of 1998. In March of 1996, Ms. Rizzo related to her doctor that "she had a very stressful job and that she was looking for other employment at that time." She applied for 13 other positions outside the agency beginning as early as February of 1995. Furthermore, a coworker, Mr. Jones, testified that Ms. Rizzo previously had told him that she would like to leave the agency, and he believed she was planning to do so as soon as she was promoted to GS–14.

There also is substantial evidence in the record that supports the AJ's conclusion that Ms. Rizzo resigned because she "became disgruntled by the agency's failure to promote her at an accelerated pace intended for its most exceptional performers." *Rizzo v. SSA,* No. SF–0752–99–0279–I–3, slip op. at 26 (M.S.P.B. January 26, 2000) (initial decision). Ms. Walli testified that at a performance review meeting with Ms. Rizzo in May of 1998, Ms. Rizzo asked about promotion to grade GS–14. Ms. Walli explained that there was a two-year "benchmark" period before which an attorney could be promoted only if she displayed "markedly and consistently superior work." Ms. Walli testified that at a formal year-end performance review with Ms. Rizzo in October of 1998, Ms. Rizzo again asked about promotion to GS–14. Ms. Walli informed Ms. Rizzo that, under the agency's promotion policy, her normal promotion date was March of 1999. Ms. Walli testified that Ms. Rizzo then became very agitated and upset. Three days after this meeting, Ms. Rizzo filed a national union-management grievance regarding attorney promotions in the agency.

Ms. Churchill testified that in October of 1998, shortly after she arrived at the agency, Ms. Rizzo asked her questions about when she would be promoted to GS–14 and also asked her to identify the duties of a GS–14 attorney. A month later, Ms. Churchill met again with Ms. Rizzo to answer her questions regarding promotion to GS–14. Ms. Churchill testified that Ms. Rizzo threatened to file a grievance if she was not promoted to GS–14 by the end of 1998.

The AJ found that as a consequence of the agency's failure to promote Ms. Rizzo ahead of schedule, Ms. Rizzo "adopted a confrontational posture in her interactions with her supervisors, culminating in her refusal to answer their direct requests for information that was clearly work-related." *Id.* This conclusion is supported by substantial evidence in the record. At two meetings during January of 1999, Ms. Rizzo refused to answer Ms. Churchill's questions regarding how much time Ms. Rizzo spent on her bankruptcy work and who her agency contacts were in relation to her bankruptcy work. Her coworker, Mr. Jones, testified that shortly thereafter he counseled her not to resign, but to stay and fight. This evidence all supports the AJ's finding that Ms. Rizzo resigned voluntarily because she became disgruntled by the agency's failure to promote her at an accelerated pace.

### III.

■ Ms. Rizzo's remaining contentions require little discussion. First, Ms. Rizzo argues that the AJ failed to consider her claims of discrimination and retaliation and improperly denied her the opportunity to present evidence on these matters. The evidence, however, shows that the AJ did allow Ms. Rizzo to present evidence of discrimination and retaliation. The AJ merely disqualified certain witnesses from testifying because they lacked personal knowledge relating to Ms. Rizzo's employment situation and the circumstances of

her resignation. Determinations concerning whether to allow the presentation of a witness at a Board hearing are soundly within the discretion of the AJ. *Davis v. Office of Pers. Mgmt.*, 918 F.2d 944, 946 (Fed.Cir.1990). We find that the Board did not abuse its discretion.

■ Ms. Rizzo next contends that the Board failed to make credibility determinations, as required by *Hillen v. Department of Army*, 35 M.S.P.R. 453 (1987). However, *Hillen* requires specific credibility determinations only when there are factual questions in dispute. *See Hillen*, 35 M.S.P.R. at 458. In this case, the AJ found that there were no material facts in dispute but, rather, divergent and competing interpretations of the facts and events which occurred while Ms. Rizzo was employed by the agency. *Rizzo v. SSA*, No. SF–0752–99–0279–I–3, slip op. at 3 (M.S.P.B. January 26, 2000) (initial decision).

■ Ms. Rizzo also contends that the Board improperly refused to consider new and material evidence when denying her petition for review. Specifically, Ms. Rizzo submitted a decision by the California Unemployment Insurance Appeals Board (the "appeals board") reversing the decision of a state administrative law judge who had held that Ms. Rizzo did not have "good cause" to resign. The appeals board ruled that because Ms. Rizzo had an irritable bowel condition and had been engaged in an ongoing dispute at the place of her employment, she qualified for state unemployment benefits. Ms. Rizzo argues that the Board erred in failing to consider this decision. Although Ms. Rizzo alleges that this "new evidence" is relevant to the merits of her appeal, she fails to establish how the finding of a state unemployment appeals board relates to her MSPB appeal such that it constitutes new evidence. The AJ heard testimony regarding Ms. Rizzo's irritable bowel syndrome and considered the impact of such an illness as one of the circumstances for determining whether a reasonable person in Ms. Rizzo's situation would have felt that he or she had no choice but to resign. Furthermore, a finding that Ms. Rizzo had good cause to resign within the meaning of a state's unemployment compensation system, which applies a different state-law standard, is not relevant to the AJ's determination as to whether Ms. Rizzo was forced to resign. The Board therefore correctly denied Ms. Rizzo the opportunity to submit this allegedly "new evidence" for review because she had failed to establish how the consideration of this information could lead to a different conclusion by the Board regarding her resignation.

Next, Ms. Rizzo contends that the Board abused its discretion (i) by refusing to sanction the SSA for improperly attempting to coerce Mr. Jones into changing his testimony; (ii) by refusing to issue protective orders to Ms. Rizzo's witnesses who, she alleges, were afraid to testify at the hearing for fear of agency retaliation; and (iii) by refusing to sanction the SSA for not complying with the Board's discovery order. We find that the two declarations in the record cited by Ms. Rizzo are not sufficient evidence to support her contention that Mr. Jones was coerced into changing his testimony, or that her witnesses were afraid to testify, or that the agency failed to respond to discovery requests made by Ms. Rizzo.

■ Ms. Rizzo next contends that the Board abused its discretion by denying Ms. Rizzo the right to offer into evidence videotaped depositions of agency witnesses. "Procedural matters relative to discovery and evidentiary issues fall within the sound discretion of the board and its officials." *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed.Cir.1988). "This court will not overturn the board on such matters unless an abuse of discretion is

clear and harmful." *Id.* "If an abuse of discretion did occur with respect to the discovery and evidentiary rulings, in order for petitioner to prevail on these issues he must prove that the error caused substantial harm or prejudice to his rights which could have affected the outcome of the case." *Id.* at 1379. We find that the AJ did not abuse his discretion by not permitting the use of videotaped depositions.

■ Lastly, Ms. Rizzo contends that the Board abused its discretion by allowing Mr. Dasey to act in a dual role as both an attorney for the SSA and as a witness. We find that Ms. Rizzo waived any objection to the AJ's ruling permitting Mr. Dasey to testify. Ms. Rizzo included Mr. Dasey in her own witness list, and thus she clearly had no objection to his testifying at the hearing.

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.

Before NEWMAN, Circuit Judge, ARCHER, Senior Circuit Judge, and LINN, Circuit Judge.