Stanley W. MONTGOMERY,
Petitioner,

v.

DEPARTMENT OF THE
NAVY, Respondent.

No. 02–3214.

United States Court of Appeals,
Federal Circuit.

Oct. 16, 2002.

Before MICHEL, Circuit Judge, PLAGER, Senior Circuit Judge, and LOURIE, Circuit Judge.

PER CURIAM.

Stanley W. Montgomery seeks review of a final decision by the Merit Systems Protection Board ("Board") denying Montgomery's appeal of a decision of the Department of Navy ("Navy") to remove him from federal service. Because substantial evidence supports the Board's decision and because the Board committed no error of law, we *affirm*.

## Background

Montgomery was employed as a Supply Clerk at the Navy's Regional Supply Office Oceana in Virginia. On September 5, 2000, Montgomery had an altercation with a coworker, Burris, during which Montgomery brandished a boxcutting razor and allegedly threatened Burris and his family.

On September 12, 2000, the Navy issued a letter proposing to remove Montgomery from service on two charges: "brandishing a boxcutting razor during an altercation with a coworker" and "using threatening behavior toward a coworker." A Navy official, R.L. Wilson, subsequently sustained both charges and ordered Montgomery's removal. In reaching his decision, R.L. Wilson considered various factors including the nature and seriousness of the offense, the adequacy and effectiveness of alternative sanctions to deter such conduct in the future, the consistency of the penalty with applicable agency table of penalties and penalties imposed on others, Montgomery's past work record and potential for rehabilitation, and other mitigating circumstances.

Montgomery appealed his removal to the Board. The Administrative Judge ("AJ") dismissed the appeal without prejudice to avoid interference with a related criminal proceeding. After the criminal charges were dismissed due to the failure of the victim, Burris, to appear in court, Montgomery renewed his appeal to the Board. The AJ held a hearing allowing Montgomery, R.L. Wilson, and four eyewitnesses, including Burris, to testify. The AJ denied Montgomery's request to present five other witnesses: (1) Captain Zobel, the official who signed an order barring Montgomery from the military base, (2) Lieutenant J. Montgomery, the Navy official who wrote to propose Montgomery's removal, (3) Detective Gonzales, an investigator who took statements after the altercation incident, (4) an unidentified criminal investigator who took Montgomery's statement at some time, and (5) "Jo Murray witness statement."

On June 25, 2001, the AJ upheld the Navy's decision to remove Montgomery from federal service. The AJ found that Montgomery used a weapon, the box-cut-

ter, during the altercation and verbally threatened Burris and his family. The AJ disbelieved Montgomery's excuse of self-defense and found that his use of a weapon was disproportionate to any verbal provocation. The AJ also found that the penalty of removal was reasonable based on R.L. Wilson's report that Montgomery's offenses created an unsafe workplace and Montgomery's responses to the charges showed a low potential for rehabilitation. On February 14, 2002, the AJ's initial decision became the final decision of the Board when the full Board denied Montgomery's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## Discussion

We play a limited role in reviewing Board decisions. *See, e.g., Deweese v. Tennessee Valley Auth.,* 35 F.3d 538, 541 (Fed.Cir.1994). Under 5 U.S.C. § 7703(c), we may reverse the Board only if its decision was: (1) arbitrary, capricious, an abuse of discretion or not in accordance with law; (2) obtained without the procedures required by law; or (3) not supported by substantial evidence. 5 U.S.C. § 7703(c). None of those limited instances applies here.

First, the Board's decision was not arbitrary and was in accordance with law. The AJ properly required that the Navy prove its charges by a preponderance of the evidence, that removal promoted the efficiency of the service, and that the penalty was reasonable. See 5 U.S.C. §§ 7513, 7701(c)(1)(B). The AJ found that the Navy fulfilled its burden of proof after hearing testimony from R.L. Wilson and five eyewitnesses of the altercation, including Montgomery and Burris. The AJ also properly found that the Navy's "choice of

penalty [was] well within the bounds of reasonableness in this case," because the Board reviews an agency's choice of penalty for abuse of discretion. *Lachance v. Devall,* 178 F.3d 1246, 1251 (Fed.Cir.1999).

■ Second, the Board acted without bypassing procedures required by law. Montgomery argues that he was not given the opportunity to present all his witnesses. However, whether to allow a witness to testify at a Board hearing is within the discretion of the AJ of the Board. *Davis v. Office of Pers. Mgmt.,* 918 F.2d 944, 946 (Fed.Cir.1990). This court will not overturn a decision of the Board on the basis of a procedural error "unless an abuse of discretion is clear and is harmful." *Curtin v. Office of Pers. Mgmt.,* 846 F.2d 1373, 1378 (Fed.Cir.1988). Although the AJ denied Montgomery's request to bring five other witnesses to the hearing before the AJ, none of these proposed witnesses was alleged to be present at the altercation. The AJ did allow testimony from the deciding official and five eyewitnesses, including Montgomery and Burris. The AJ did not clearly abuse its discretion in excluding witnesses, and Montgomery has not shown "substantial harm or prejudice to his rights which could have affected the outcome of the case." *Curtin,* 846 F.2d at 1379.

■ Third, substantial evidence supports the AJ's finding that the Navy met its burden to prove the charges against Montgomery and that the penalty imposed by the Navy was reasonable. Montgomery admitted that he brandished a box-cutter in the altercation with Burris. Although Montgomery denied verbally threatening Burris or Burris' family, other eyewitnesses testified to such effect. The AJ decided to believe the other eyewitnesses rather than Montgomery. We give deference to the Board's credibility determinations. *Kewley v. Dep't of Health &*

*Human Servs.*, 153 F.3d 1357, 1365 (Fed. Cir.1998). Regarding the reasonableness of the penalty of removal, the deciding official, R.L. Wilson, explained in both his decision letter and his testimony at the hearing before the AJ the reasons he chose removal rather than a lesser penalty in this case. Wilson noted that the offenses were extremely serious, creating an unsafe workplace, and that Montgomery did not respond to the charges, indicating a lack of remorse and a low potential for rehabilitation. There was substantial evidence in the record to support the AJ's finding that the Navy met its burden to prove the charges and that the penalty was reasonable and necessary to promote the efficiency of the service.