NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3282

ROSEMARIE JENKINS,

Petitioner,

v.

DEPARTMENT OF TRANSPORTATION,

Respondent.

_____

DECIDED:  November 4, 2004
_____

Before CLEVENGER, RADER, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

This is a petition for review of the decision of the Merit Systems Protection Board, Docket No. CH-0752-02-0659-I-1, denying petitioner Rosemarie Jenkins's appeal of an agency decision to remove her from federal service for repeated instances of disorderly conduct in the workplace.  We <u>affirm</u>.

## BACKGROUND

In 1984, Ms. Jenkins began working as a GS-4 clerk-typist at the Federal Transit Administration ("FTA"), an agency within the Department of Transportation.  Over time,

Ms. Jenkins advanced to the position of Transportation Program Specialist, GS-11.  She held that position in 2002 when the FTA removed her for repeatedly engaging in disorderly conduct.  Although Ms. Jenkins had received annual performance awards from 1988 through 1995, she received performance ratings of "marginal at best" from her supervisors for each of the seven years prior to her removal in 2002.

In 1996 the FTA found that Ms. Jenkins had made derogatory and threatening comments to a male co-worker who she believed was homosexual.  As a result of that incident, the agency issued Ms. Jenkins a formal written warning and ordered her to attend sexual harassment training.  In 1998 Ms. Jenkins received a notice of proposed removal based on charges of failure to follow established leave procedures, tardiness resulting in unauthorized absence, and three instances of disorderly conduct toward a fellow worker.  The Deputy Administrator of the FTA sustained all the charges but mitigated the removal to a 14-day suspension.  The Deputy Administrator warned Ms. Jenkins that if she engaged in similar incidents in the future she would be subject to more severe disciplinary action, including removal.

In March of 2002 the FTA again proposed to remove Ms. Jenkins based on four more instances of disorderly conduct.  The agency charged that Ms. Jenkins had been verbally abusive to and had physically struck the same employee, Brenda Sanders-Taylor, who was the subject of the disorderly conduct charges in the 1998 disciplinary proceeding.  The agency also charged Ms. Jenkins with using insulting and abusive language toward at least four other employees and attempting to inflict bodily injury on two of those employees.  In response to the notice, Ms. Jenkins contended that the incidents did not occur in the workplace, that there was no corroboration of the

complainants' versions of the incidents, and that the incidents did not warrant disciplinary action. She also complained that a regional administrator had issued the removal notice, rather than her immediate supervisor, and that the punishment was not allowed under Department of Transportation guidelines. On July 12, 2002, the FTA's Deputy Associate Administrator sustained all the charges and ordered Ms. Jenkins removed from federal service as of that date. Ms. Jenkins appealed that decision to the Merit Systems Protection Board.

Following a hearing, the administrative judge who was assigned to the case sustained all four specifications of disorderly conduct and upheld the removal action. Ms. Jenkins petitioned for review by the full Board, but the Board denied review. Ms. Jenkins then sought review by this court.

## DISCUSSION

Ms. Jenkins argues that the Board improperly failed to take into account two alleged incidents of physical contact against Ms. Jenkins by co-workers who testified against her, that the FTA did not follow the agency's penalty guidelines when it selected removal as her penalty, and that the Board did not consider evidence from several witnesses when it made its decision. All three arguments lack merit.

1. In his opinion, the administrative judge specifically referred to the first incident of physical contact claimed by Ms. Jenkins. The administrative judge found that Ms. Sanders-Taylor pushed Ms. Jenkins in an attempt to demonstrate how Ms. Jenkins had initiated the physical contact that was charged in the notice of removal. The administrative judge noted that Ms. Sanders-Taylor was reprimanded for that incident. In making his findings with respect to that incident, the administrative judge stated that

he found Ms. Sanders-Taylor's testimony and the testimony of at least two witnesses to the incident to be credible. This court has stated that administrative judge credibility determinations are "virtually unreviewable." Frey v. Dep't of Labor, 359 F.3d 1355, 1361 (Fed. Cir. 2004). In order to prevail, Ms. Jenkins must establish that the Board's findings are not supported by substantial evidence. See Bieber v. Dep't of the Army, 287 F.3d 1358, 1364-65 (Fed. Cir. 2002) (affirming administrative judge's findings of fact based on substantial evidence). There is substantial evidence to support the administrative judge's finding, and we conclude that Ms. Jenkins has failed to demonstrate otherwise.

The second incident of alleged physical contact cited by Ms. Jenkins occurred when, according to Ms. Jenkins, Mr. Minyo "started screaming at me and poked me in my nose with his finger." Ms. Jenkins has not shown that the incident with Mr. Minyo is relevant to the charges against her, and she has therefore failed to demonstrate that the administrative judge abused his discretion in failing to discuss that incident in his opinion.

2. Ms. Jenkins's second argument is that the FTA did not follow applicable disciplinary guidelines when it removed her for the four charged incidents of disorderly conduct. Ms. Jenkins has not shown that her removal was contrary to any applicable penalty guidelines, however. The guidelines to which she refers state that "supervisors may decide to effect a greater or lesser penalty than indicated by this guideline," indicating that supervisors may use broad discretion in selecting a punishment for a particular offense. Furthermore, the agency's deciding official concluded that even treating her offense as a first offense, the pertinent guideline permitted a penalty up to

removal. Finally, the deciding official considered Ms. Jenkins's disciplinary record, noting that she had been disciplined twice in the past for similar misconduct, which indicated that her misconduct was not an aberration but part of a continuing course of conduct. Ms. Jenkins contends that the agency failed to consider progressive discipline, including an oral or written reprimand. The deciding official, however, addressed in some detail whether a lesser penalty would be appropriate and concluded, based on all the circumstances, that it would not. Both the deciding official and the administrative judge focused on the factors bearing on the proper penalty and determined that removal was appropriate. Having reviewed the treatment of the penalty issue both by the agency and by the Board, we uphold the administrative judge's conclusion that the deciding official reasonably exercised her discretion in choosing removal as the appropriate penalty.

3. Finally, Ms. Jenkins complains that the administrative judge improperly excluded testimony and written statements of witnesses that she offered as evidence at the hearing. The evidence in question consisted of accounts of unrelated misconduct allegedly committed by several of the agency's witnesses.

An administrative judge has broad discretion with regard to the admission of evidence at a Board hearing. Davis v. Office of Pers. Mgmt., 918 F.2d 944, 946 (Fed. Cir. 1990). We will not overturn a decision of the Board on the basis of procedural error "unless an abuse of discretion is clear and harmful." Curtin v. Office of Pers. Mgmt., 846 F.2d 1373, 1378 (Fed. Cir. 1988). Ms. Jenkins has not shown how the evidence she proffered regarding extrinsic incidents involving agency witnesses bears significantly on the issues before the administrative judge. Nor has she demonstrated

how she was harmed by the exclusion of that evidence. Accordingly, Ms. Jackson has not shown that the administrative judge abused his discretion in ruling that evidence inadmissible at the hearing.