NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3156

THE ESTATE OF BETTY L. COX,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  November 9, 2006

_____

Before MAYER, BRYSON, and LINN, Circuit Judges.

PER CURIAM.

The Estate of Betty L. Cox ("Cox") petitions for review of a final decision of the Merit Systems Protection Board ("Board") affirming the Office of Personnel Management's ("OPM") decision that Cox was not eligible to apply for and receive survivor annuity benefits.  Estate of Cox v. Office Pers. Mgmt., No. DA-0831-05-0558-I-1 (M.S.P.B. Nov. 23, 2005) ("Order").  Because the Board's decision is in accordance with law and does not otherwise contain reversible error, we affirm.

BACKGROUND

Earl Cox retired from the Department of Justice on February 1, 1978. At the time of his retirement, Earl Cox elected a survivor annuity for his wife, Betty H. Cox, pursuant to the Civil Service Retirement System ("CSRS"). Earl Cox died on October 30, 2003. His death was not reported to OPM, which continued to deposit his annuity into a bank account. Betty H. Cox died on September 7, 2004. After her death, Kenneth E. Cox, the executor of her estate, notified OPM that both his mother and father had died and sought survivor benefits on behalf of his mother for the period of time between their deaths. OPM determined that benefits were not payable because the application for survivor benefits was not filed during the lifetime of Betty H. Cox. Order, slip op. at 2.

Cox filed a petition for review of OPM's decision with the Board. In an initial decision, the administrative judge affirmed OPM's decision, citing 5 U.S.C. §§ 8345(e), 8331(11),[1] 5 C.F.R. § 831.643, and our decision in Davis v. Office of Personnel Management, 918 F.2d 944 (Fed. Cir. 1990). Order, slip op. at 3-5. The administrative judge's initial decision became the final decision of the Board on December 28, 2005 when Cox chose not to petition the Board for review. See 5 C.F.R. § 1201.113. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

---

[1]     Section 8345 of the statute provides, in relevant part, that

after the death of an employee, Member, or annuitant, no benefit based on his service shall be paid from the Fund unless an application therefore is received in the Office of Personnel Management within 30 years after the death or other event which gives rise to title to the benefit.

5 U.S.C. § 8345(i)(2). A survivor annuitant is defined as "a survivor who files claim for annuity." Id. § 8331(11).

DISCUSSION

A. Standard of Review

This court must affirm a Board decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); see also Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984). The burden of establishing reversible error in a Board decision rests upon the petitioner. Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

B. Analysis

On appeal, Cox argues that our decision in Simpson v. Office of Personnel Management, 347 F.3d 1361 (Fed. Cir. 2003), overturned our previous decision in Davis. Alternatively, Cox argues that Davis conflicts with earlier precedent, Roebling v. Office of Personnel Management, 788 F.2d 1544 (Fed. Cir. 1986), and was therefore wrongly decided.

As Cox acknowledges, the facts in Davis are very similar to those at issue in this case. In Davis, the annuitant elected a survivor annuity for his wife. 918 F.2d at 945. The annuitant died, and his wife died shortly thereafter without having filed a survivor's claim to an annuity. Id. We held that 5 U.S.C. §§ 8345(e), 8331(11) and the relevant regulations provide that a right to a survivor annuity "does not vest automatically; an application must first be filed before there is any entitlement to a survivor annuity." Id. at 946. We also held that the application must be filed before the survivor's death. Id.

"Accordingly, if a potential survivor annuitant does not make application during his or her lifetime, there can be no accrual of any unpaid annuity." Id.

Cox argues that Simpson renders Davis inapplicable by creating a general duty on OPM to advise individuals of their retirement rights. We disagree. In Simpson, we noted that OPM had a statutory duty to inform an annuitant of the requirements that must be met to reelect a spousal annuity after a divorce. 347 F.3d at 1364. Because "OPM's notices of record fail[ed] to comply with the statutory requirement of notice," we reversed the Board's denial of the former spouse's application for a survivor annuity. Id. at 1364, 1367 (emphasis added). However, as we acknowledged in Davis, "[t]here is no statutory duty imposed on OPM to notify potential survivor annuitants of the requirement to file a claim for an annuity." 918 F.2d at 946. Because Cox was a potential survivor annuitant, and not an annuitant, Simpson is inapposite.

Cox's remaining alternative arguments are unpersuasive. The administrative judge correctly applied 5 U.S.C. §§ 8345(e), 8331(11), 5 C.F.R. § 831.643, and our decision in Davis. Because the Board's decision is in accordance with law and does not otherwise contain reversible error, we affirm.