Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3278

PRISCA M. DELEONARDO,

Petitioner,

v.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Respondent.

James P. Alexander, Littler Mendelson, of Birmingham, Alabama, for petitioner.

Dawn S. Conrad, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Martin F. Hockey, Jr., Assistant Director. Of counsel was Elizabeth A. Holt, Trial Attorney. Of counsel on the brief was Elizabeth E. Theran, Attorney, Office of General Counsel, Equal Employment Opportunity Commission, of Washington, DC.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3278

PRISCA M. DELEONARDO,

Petitioner,

v.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Respondent.

Petition for review of the Merit Systems Protection Board in AT1221060340-B-1.

DECIDED:  April 29, 2008

Before NEWMAN and SCHALL, <u>Circuit Judges</u>, and ZOBEL, <u>District Judge</u>.[*]

SCHALL, <u>Circuit Judge</u>.

## DECISION

Prisca M. DeLeonardo petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained her reassignment from her position as Supervisory Trial Attorney at the Birmingham office of the Equal Employment Opportunity Commission ("EEOC" or "agency").  <u>DeLeonardo v. Equal Employment</u>

---

[*]        Honorable Rya W. Zobel, District Judge, United States District Court for the District of Massachusetts, sitting by designation.

DISCUSSION

I

Ms. DeLeonardo was a Supervisory Trial Attorney, GS-14, in the EEOC's Birmingham District Office. After receiving a negative performance evaluation, she was reassigned to the position of Trial Attorney, which is also a GS-14 position. She then filed a complaint with the Office of Special Counsel ("OSC"), claiming that these personnel actions were in retaliation for protected whistleblower activities under the Whistleblower Protection Act ("WPA"). Specifically, Ms. DeLeonardo alleged that her disclosures of gross mismanagement, abuse of authority, and various violations of agency protocol led to her negative performance evaluation and subsequent demotion.[1] After OSC terminated its investigation of her claim, she filed an individual right of action ("IRA") appeal with the Board.

The administrative judge ("AJ") assigned to the appeal granted the EEOC's motion to dismiss for lack of jurisdiction. However, on petition for review, the Board held that Ms. DeLeonardo had established jurisdiction by making nonfrivolous allegations

---

[1] For instance, Ms. DeLeonardo alleged that she informed Eric Dreiband, the agency's General Counsel, about misrepresentations made during a mediation by her then-supervisor, Regional Attorney Charles Guerrier. See DeLeonardo v. Equal Employment Opportunity Comm'n, 103 M.S.P.R. 301, 305 (2006). She also alleged that she had reported to Gwendolyn Reams, the agency's Associate General Counsel, that Mr. Guerrier had misrepresented and omitted facts in order to get a case approved for litigation. Id. Ms. DeLeonardo further alleged that she was instructed by agency officials to sign pleadings and documents notwithstanding her concerns that doing so would violate the Federal Rules of Civil Procedure, the Alabama Rules of Professional Conduct, and the local rules of the United States District Court for the Northern District of Alabama. Id. at 305-06. Finally, Ms. DeLeonardo alleged that she had disclosed various other improper actions by agency management. Id. at 306.

that her disclosures were a contributing factor in the agency's personnel actions against her. Accordingly, the Board vacated the dismissal and remanded the case to the AJ for adjudication of the merits of Ms. DeLeonardo's WPA claim. DeLeonardo, 103 M.S.P.R. at 307.

On remand, prior to the prehearing conference, the parties provided the AJ with their lists of proposed witnesses. With respect to Ms. DeLeonardo's list of proposed witnesses, the AJ approved testimony by Ms. DeLeonardo and nine additional witnesses, but excluded six other witnesses on the ground of relevance. In November 2006, the AJ conducted a hearing, and in January 2007 he issued an initial decision denying the corrective action sought by Ms. DeLeonardo. In doing so, the AJ assumed that Ms. DeLeonardo had made protected disclosures and that those disclosures were a contributing factor in the personnel actions that were taken. However, the AJ nonetheless found by clear and convincing evidence that the agency would have taken the same personnel actions in the absence of those disclosures. See Clark v. Dep't of Army, 997 F.2d 1466, 1470 (Fed. Cir. 1993); DeLeonardo v. Equal Employment Opportunity Comm'n, No. AT-1221-06-0340-B-1 (M.S.P.B. January 5, 2007) ("Initial Decision"). The AJ based this conclusion on the testimony of several witnesses, who described Ms. DeLeonardo's role in various problems plaguing the EEOC's Birmingham office. For instance, the witnesses testified that the Birmingham office had not tried a single case in the past eight years, and was also riddled with various other management problems. Id. There was testimony that Ms. DeLeonardo contributed to these problems through her unwillingness to hold herself or her subordinates accountable for the office's shortcomings. Id. at 4-5. The witnesses also testified that beyond her general lack of

cooperation, Ms. DeLeonardo also waged an active campaign to undermine the authority of her supervisor at the time, Charles Guerrier. Id. at 7. Finally, witnesses testified that Ms. DeLeonardo also allegedly asked to be reassigned because she no longer wanted to be a Supervisory Trial Attorney. Id. at 5. Ms. DeLeonardo testified to the contrary. The AJ found that there was clear and convincing evidence that Ms. DeLeonardo's evaluation and reassignment were the result of her actual work performance and attitude, and were not in retaliation for any whistleblowing activities.

The Initial Decision became the final decision of the Board on May 7, 2007, when the Board denied Ms. DeLeonardo's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). Final Decision. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II

Pursuant to 5 U.S.C. § 7703(c), we must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. See also Kewley v. Dep't of Health & Human Servs., 154 F.3d 1357, 1361 (Fed. Cir. 1998).

On appeal, Ms. DeLeonardo argues that the AJ erred in excluding the testimony of six of her witnesses. The individuals whose testimony was excluded were Pamela Agee, Donald Burris, Debra Crook, Kimberly Elston, Chris Mitchell, and Valerie Hicks-Powe. According to Ms. DeLeonardo, each of these witnesses would have refuted the adverse testimony, and would have corroborated her assertion that her performance rating and reassignment were in retaliation for her protected disclosures. The

government responds that the testimony of these six people would have been either irrelevant or cumulative to the testimony of two witnesses, Mason Barrett and Carole Sabree, who had been requested by Ms. DeLeonardo and approved by the AJ, but were never called by Ms. DeLeonardo to testify on her behalf. We consider each of the six excluded witnesses, and the parties' specific arguments, in turn. In doing so, we review the AJ's ruling for an abuse of discretion. See Guise v. Dep't of Justice, 330 F.3d 1376, 1379 (Fed. Cir. 2003); Davis v. Office of Pers. Mgmt., 918 F.2d 944, 946 (Fed. Cir. 1990).

First, the agency accused Ms. DeLeonardo of inappropriately stating, during a meeting, that conciliations would count equally as case filings for purposes of meeting internal litigation goals. Pamela Agee was offered as a witness to testify that Ms. DeLeonardo never made this statement. The government responds that this testimony would have been cumulative to that of Mr. Barrett, who was also present at the meeting in question, and therefore could have corroborated Ms. DeLeonardo's story had she chosen to call him as a witness.

Donald Burris was offered to testify that Ms. DeLeonardo's refusal to sign certain pleadings in a racial discrimination case was warranted, in view of his same concerns that doing so would violate Rule 11 of the Federal Rules of Civil Procedure, and not because she was unsupportive of the agency's mission. The government responds that this testimony would also have been cumulative to that of Mr. Barrett, who had actually raised the very same issue, as pointed out by Ms. DeLeonardo in her own brief.

Debra Crook was offered to testify that Ms. DeLeonardo's objections to litigating a disability discrimination case were justified by her concern that the charging party was

not in fact "disabled." The government responds that this testimony was again cumulative, since Mr. Barrett was in fact the trial attorney with principal responsibility for that case and could have been called to testify for the very same purpose.

Kimberly Elston was offered to testify that Ms. DeLeonardo's negative performance evaluation was not in her file until after her whistleblowing activity, as proof of the agency's retaliation. The government responds that two other witnesses, Gwendolyn Reams and Charles Guerrier, explained during the hearing that this was a consequence of Mr. Guerrier's departure and the accompanying transition in management, rather than any retaliation. Therefore, Ms. Elston's testimony would have added nothing to the facts already in the record.

Chris Mitchell, who was opposing counsel in an EEOC matter involving the agency's BellSouth case, was offered to testify that Ms. DeLeonardo played no role in the monetary settlement or press release in that lawsuit, for which she received a poor performance rating. The government responds that this testimony would have been irrelevant in view of the fact that Ms. DeLeonardo directly supervised the attorney who was involved in the settlement, and Mr. Mitchell would have had no knowledge of any conversations between those two.

Finally, Valerie Hicks-Powe was offered to testify that Ms. DeLeonardo's accusations of misrepresentations by Mr. Guerrier were in fact true, and not part of a deliberate campaign to undermine his authority. The government responds that such testimony would have been irrelevant, since Ms. Hicks-Powe would only have known about what Mr. Guerrier actually said, and not whether his statements were indeed true or false. The government also notes that James Lee, the individual who reassigned Ms.

DeLeonardo, was unaware of her protected disclosures at the time and thus could not have acted in retaliation for something about which he had no knowledge.

We see no abuse of discretion in the AJ's exclusion of Ms. DeLeonardo's six additional witnesses. In general, it appears that the proffered testimony of these witnesses was indeed largely irrelevant or cumulative, to the extent that two uncalled witnesses, Mason Barrett and Carole Sabree, could have testified about the same subject matter. In her reply brief, Ms. DeLeonardo criticizes the potential testimony of these two witnesses. Those criticisms, however, simply reveal potential imperfections in the testimony, which nonetheless remained adequate for purposes of corroborating her defense. Because Ms. DeLeonardo deliberately chose not to call these two witnesses, she cannot now complain that the AJ abused his discretion and denied her of a fair and impartial hearing. If anything, any resulting injustice was largely self-inflicted by her failure to call two witnesses who could have corroborated her story.

In addition, we are not persuaded by Ms. DeLeonardo's reliance on this court's decision in Chudson v. Environmental Protection Agency, 17 F.3d 380 (Fed. Cir. 1994). There, we found that the AJ had abused his discretion in excluding the testimony of various witnesses, leaving the employee's own testimony as the "only testimony permitted by the AJ in rebuttal" and rendering the agency's position "virtually unassailable." Id. at 385. Those facts are not present here, and Chudson is therefore inapposite. Here, the agency's position was not "virtually unassailable," because Ms. DeLeonardo could have supplemented her own personal testimony and that of the six witnesses who were on the witness list for both sides with that of two additional

witnesses, but chose not to. That decision was the direct result of her own discretion, rather than any abuse of discretion by the AJ.

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.