NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN PACIOUS,**
*Petitioner,*

v.

**NATIONAL AERONAUTICS AND SPACE ADMINISTRATION,**
*Respondent.*

---

2011-3215

---

Petition for review of the Merit Systems Protection Board in case nos. DC0752100745-I-1.

---

Decided: February 9, 2012

---

JOHN PACIOUS, of Alexandria, Virginia, pro se.

J. HUNTER BENNETT, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

———————————

Before PROST, MAYER, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

John Pacious petitions for review of the final decision of the Merit Systems Protection Board ("Board") denying his appeal of the National Aeronautics and Space Administration's ("NASA") removal action. *Pacious v. Nat'l Aeronautics & Space Admin.*, DC0752100745-I-1 (M.S.P.B. Nov. 24, 2010), *petition for review denied*, (M.S.P.B. June 27, 2011). For the reasons set for below, we *affirm*.

## I. BACKGROUND

Mr. Pacious was employed as a GS-13 auditor with NASA's Office of Inspector General. In a notice dated May 18, 2010, NASA proposed his removal. The incidents leading up to the notice of proposed removal began with conversations Mr. Pacious allegedly had with co-workers Major Cindy Stein, an officer in the U.S. Air Force, and Tom Howard, the deputy inspector general. These conversations were reported to NASA management and, on March 24, 2010, Mr. Pacious was temporarily barred from the headquarters building where he worked. Mr. Pacious, however, was working from home on March 24, 2010, and was not notified that he had been barred from the building. When he came to the building after work hours on March 25, 2010, security officers told Mr. Pacious that he could not enter the building. Mr. Pacious became upset, leading to additional incidents which are described in the notice of proposed removal.

Specifically, the notice of proposed removal included three specifications against Mr. Pacious related to threat-

ening bodily harm and two specifications related to creating a workplace disturbance. Regarding the threat of bodily harm, the first specification involved Mr. Pacious's alleged statement in the lobby of the headquarters building on March 25, 2010, that he would kill Kevin Winters, the assistant inspector general. The second specification involved certain conversations Mr. Pacious allegedly had with Major Stein, including a conversation in which Mr. Pacious expressed a desire to "take out" the person who "was screwing him over at NASA." Finally, the third specification involved a conversation Mr. Pacious reportedly had with Mr. Howard in which Mr. Pacious complained to Mr. Howard that someone at NASA had ruined a potential job opportunity and that he "knew who'd done it" and was "gonna take care of him."

The workplace disturbance charge relates to Mr. Pacious's behavior at the headquarters building on March 25, 2010. The first specification alleged that Mr. Pacious shoved a chair, yelled at a special agent, and threw his duffel bag against the wall of the security office conference room. The second specification alleged that Mr. Pacious yanked his duffel bag from the hands of a Federal Protective Service officer, resulting in a scuffle that led to the officers handcuffing Mr. Pacious.

The administrative judge heard testimony and ultimately affirmed Mr. Pacious's removal in the Initial Decision dated November 24, 2010. On June 27, 2011, the Board denied Mr. Pacious's petition for review. Mr. Pacious has appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II. ANALYSIS

This court's review of a decision of the Board is lim-

ited by statute. 5 U.S.C. § 7703(c); *O'Neill v. Office of Pers. Mgm't*, 76 F.3d 363, 364-65 (Fed. Cir. 1996). We may reverse a decision of the Board only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

As an initial matter, while this appeal was pending Mr. Pacious filed two motions asking this court to compel NASA to produce certain information related to NASA's surveillance of Mr. Pacious. The discovery period before the Board is closed, and there is no right to discovery on appeal. *See United States v. Hicks*, 278 F. App'x 976 (11th Cir. 2008) (denying motions to compel production of documents on grounds that "neither the Federal Rules of Criminal Procedure nor the Federal Rules of Appellate Procedure authorize discovery on appeal"). Because this court's review is limited to the evidence in the record before the Board, we cannot consider any new evidence presented for the first time on appeal. *See Mueller v. U.S. Postal Serv.*, 76 F.3d 1198, 1201-02 (Fed. Cir. 1996) ("Because we are limited to reviewing decisions of the Board based on the record before the deciding official, we decline to base our judgment on evidence that was not part of the record before the administrative judge.") (internal citation omitted). Moreover, such information is not necessary for resolving the issues presented in Mr. Pacious's appeal. Consequently, those motions are denied.

Turning to the merits, Mr. Pacious raises three arguments for reversing the Board's decision. First, Mr. Pacious argues that the administrative judge erred in not sanctioning NASA with an adverse inference for its

failure to maintain video recordings of the events occurring in the lobby of the headquarters building on March 25, 2010.  Second, Mr. Pacious argues that the administrative judge should not have credited Major Stein's and Mr. Howard's testimony because they were unable to provide an exact date for the conversations they allegedly had with Mr. Pacious.  Finally, Mr. Pacious argues that the administrative judge abused her discretion in not allowing him to question certain witnesses at the hearing. None of these arguments supports reversing the Board's decision.

First, without reaching the merits of Mr. Pacious's sanction argument, even if we were to accept Mr. Pacious's position that the administrative judge should have drawn an adverse inference against NASA for failing to preserve the video recordings, that evidence is only relevant to one of the five specifications against Mr. Pacious: Mr. Pacious's alleged statement in the headquarters lobby on March 25, 2010, that he would "kill Kevin Winters." The other specifications do not involve activity that occurred in the lobby, and Mr. Pacious has not argued that the video recordings would have been relevant to these other specifications.  Because the administrative judge's findings with respect to the remaining two specifications for threat of bodily harm and the two specifications for workplace disturbance provide substantial evidence for affirming NASA's removal decision, the failure to maintain the video recording does not require a reversal.

Second, Mr. Pacious's contention that the administrative judge erred in crediting the testimony of Major Stein and Mr. Howard similarly does not support reversing the Board's decision.  The administrative judge heard testimony from both Major Stein and Mr. Howard related to their respective conversations with Mr. Pacious and

expressly found their testimony credible over Mr. Pacious's testimony. As we have recognized, "[t]he credibility determinations of an administrative law judge are virtually unreviewable on appeal." *Bieber v. Dep't of the Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002). Here, the administrative judge had the discretion to consider the witnesses' ability to recall the date of these conversations in making her credibility determinations, and we will not second-guess those determinations on appeal.

Finally, Mr. Pacious challenges the administrative judge's refusal to allow him to question certain witnesses during the hearing. The administrative judge allowed Mr. Pacious to present five witnesses during the hearing and rejected his additional proposed witnesses as irrelevant. Mr. Pacious contends that the administrative judge additionally should have allowed him to call John "Mark" Benson and investigator Keith Karnetsky. We disagree. "[A] 'determination whether the testimony of witnesses should be presented is within the sound discretion of the [administrative judge].'" *Haver v. Dep't of Agric.*, 53 F. App'x 112, 115 (Fed. Cir. 2002) (quoting *Davis v. Office of Pers. Mgmt.*, 918 F.2d 944, 946 (Fed. Cir. 1990)) (alteration in original). Here, having reviewed Mr. Pacious's arguments with respect to the relevance of these witnesses, we conclude that the administrative judge did not abuse her discretion in finding that these witnesses were irrelevant to NASA's removal action.

Mr. Pacious's additional arguments for reversing the Board's decision also lack merit. Accordingly, the decision of the Board is affirmed.

COSTS

Each party shall bear its own costs.

**AFFIRMED**