**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CHRISTINE VARAD,
    Appellant,

  v.

OFFICE OF PERSONNEL
  MANAGEMENT,
    Agency.

DOCKET NUMBER
PH-0831-18-0477-I-1

DATE: May 8, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Christine Varad, Scituate, Massachusetts, pro se.

Jane Bancroft, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

  The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying as untimely her application for Civil Service Retirement System (CSRS) survivor annuity benefits. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to supplement the administrative judge's finding that OPM properly determined that the appellant's application was untimely filed more than 30 years after the death of her father and to VACATE the portion of the initial decision addressing whether the appellant showed that she is a disabled dependent child as defined in 5 U.S.C. § 8341(a)(4)(B). Except as expressly modified, we AFFIRM the initial decision, still affirming OPM's reconsideration decision denying the appellant's application.

## BACKGROUND

The appellant's father, a former Federal civilian employee, retired in 1974 and passed away in 1975. Initial Appeal File (IAF), Tab 11 at 22, 24-27. On his 1973 application for retirement, he listed the appellant as an unmarried child under the age of 22, but he did not indicate that she was disabled. IAF, Tab 1 at 8, Tab 11 at 25. Following the appellant's father's death, the appellant's mother timely filed an application for CSRS death benefits wherein she listed the appellant as a dependent student child; however, she did not indicate that the appellant was disabled. IAF, Tab 1 at 10-11, Tab 13 at 8-9.

On March 7, 2017, the appellant filed an application for CSRS survivor benefits as a disabled dependent child survivor of her father. IAF, Tab 11 at 16-21. In her application, the appellant averred that she became permanently disabled in 1971 at the age of 16. *Id.* at 16, 24.

On April 11, 2017, OPM issued an initial decision finding the appellant ineligible for CSRS survivor benefits. *Id.* at 14. OPM explained that, pursuant to 5 U.S.C. § 8345(i)(2),[2] her application was untimely because she had filed it more than 30 years after the death of her father. *Id.* Thereafter, on April 14, 2017, May 22, 2017, and December 27, 2017, the appellant requested reconsideration of OPM's initial decision. *Id.* at 9-12. The appellant explained that, at the time of her father's death, she was unaware of any "survivor rights [she] might have had as a disabled child associated with [her] father's [CSRS benefits]." *Id.* at 12. The appellant averred that she did not become aware of her potential claim to benefits until February 2017. *Id.* On September 7, 2018,[3] OPM issued a reconsideration decision on the matter, affirming the initial decision on the basis of untimeliness. IAF, Tab 1 at 6-7, Tab 11 at 7-8. Thereafter, the appellant filed an appeal with the Board. IAF, Tab 1. She did not request a hearing on the matter. *Id.* at 2.

The administrative judge issued an initial decision on the written record affirming OPM's reconsideration decision. IAF, Tab 16, Initial Decision (ID). The administrative judge found that the appellant failed to prove her entitlement to CSRS survivor annuity benefits by a preponderance of the evidence. ID at 2-4. Specifically, he found that the appellant failed to prove that she "was diagnosed or even considered disabled before reaching age 18 or that her application was timely." ID at 4.

---

[2] OPM's initial decision erroneously reads "Title 5, *Code of Federal Regulations*, §8345 (i) (2)." IAF, Tab 11 at 14 (emphasis added) (punctuation as in original).

[3] The reconsideration decision is erroneously dated September 7, 2017. IAF, Tab 1 at 3, Tab 16, Initial Decision at 1-2 n.1; Petition for Review File, Tab 5 at 9.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's application was untimely.

The appellant contends on review that an application for survivor benefits was timely filed but that her disabled status was omitted inadvertently from both her father's 1973 application for retirement and her mother's 1975 application for death benefits. Petition for Review (PFR) File, Tab 1 at 8. The appellant asserts that these "inadvertent and minor errors never intended to deny any rights and interests." *Id.* The appellant also contends that she sought clarity "as to her rights" from OPM "in the years following the death of her father" but that OPM did not respond. PFR File, Tab 5 at 9. We hereby supplement the initial decision to address these arguments and explain further why the appellant's application was untimely.

In order to receive an annuity, the survivor of a deceased Federal annuitant must file an application for benefits either personally or through a representative within 30 years of the death of the Federal annuitant or other event giving rise to the benefit. 5 U.S.C. § 8345(i)(2); 5 C.F.R. § 831.643(a). Here, the appellant's father, the Federal annuitant, passed away on December 11, 1975; thus, her application for survivor benefits was due not later than December 11, 2005.[4] IAF, Tab 11 at 22; *see* 5 U.S.C. § 8345(i)(2).

The appellant's assertion that her father's 1973 retirement application constituted a timely application for disabled dependent child survivor benefits is unavailing because the application was filed during her father's lifetime; thus, any claim for survivor benefits would have been premature. PFR File, Tab 1 at 8; IAF, Tab 11 at 22, 25-26. Although the appellant's mother filed an application for benefits in 1975 shortly after the death of the appellant's father, IAF, Tab 13 at 8-9, she did not list the appellant as a disabled dependent despite being

---

[4] Although OPM's reconsideration decision correctly states that the appellant's application was untimely because she did not file it within 30 years of the death of her father, it also erroneously states that her application "should have been filed no later than January 11, 1976." IAF, Tab 1 at 7, Tab 11 at 8.

provided an opportunity to do so. As such, the first and only application for the benefits sought was not filed until March 7, 2017. ID at 4; IAF, Tab 11 at 16-21. Thus, the appellant's application was untimely by more than 11 years. *See* 5 U.S.C. § 8345(i)(2).[5]

Although the appellant alleges on review that, following the death of her father, she attempted to contact OPM regarding her potential entitlement to benefits, she does not specify in what years she did so, and we find that her general allegations of "phon[ing] the OPM and writ[ing] letters to the OPM asking for clarification" are too vague to evince that she filed an application for survivor benefits as a disabled dependent child survivor of her father within 30 years of his death. PFR File, Tab 5 at 9; *see Davis v. Office of Personnel Management*, 918 F.2d 944, 946 (Fed. Cir. 1990) (explaining that an application for a CSRS survivor annuity must be affirmatively filed). Moreover, these allegations contradict her assertion that she was altogether unaware of her potential claim to benefits until February 2017. IAF, Tab 11 at 12. Thus, the record substantiates the administrative judge's conclusion that the appellant failed to timely file her application for benefits. ID at 4.

<u>We discern no basis to waive the prescribed filing time limit.</u>

The appellant also contends that she was unaware of her potential right to survivor annuity benefits within the 30-year statutory timeframe, and she avers that she acted promptly as soon as she became aware of such rights. IAF, Tab 11 at 12; PFR File, Tab 5 at 4. We construe this assertion as a request for the Board to waive the prescribed filing time limit for equitable considerations.

---

[5] Prior to the enactment of 5 U.S.C. § 8345(i), the Civil Service Commission, OPM's predecessor agency, retained records pertaining to unclaimed retirement benefits in perpetuity, which eventually became "a large and unnecessary recordkeeping problem." S. Rep. No. 94-540 (1975), *reprinted in* 1975 U.S.C.C.A.N. 2141, 2142, 2144, 2146. The express legislative purpose of 5 U.S.C. § 8345(i) was to eliminate this cumbersome recordkeeping burden by enabling the Civil Service Commission to "destroy retirement records when no claim for a benefit [had] been received within the periods specified by law." 1975 U.S.C.C.A.N. at 2142.

The Board has recognized three possible bases for waiving a filing time limit prescribed by statute or regulation:  (1) the statute or regulation provides for a waiver under specified circumstances; (2) an agency's affirmative misconduct precludes enforcement of the time limit under the doctrine of equitable estoppel; and (3) an agency fails to provide a notice of rights and the applicable filing time limit when such notice is required by statute or regulation.  *Perez Peraza v. Office of Personnel Management*, 114 M.S.P.R. 457, ¶ 7 (2010).

Here, neither the statute nor its implementing regulations provide any basis for waiver of the 30-year time limit.[6]   5 U.S.C. § 8345(i)(2); 5 C.F.R. § 831.643(a).  Although the appellant seemingly alleges that OPM fraudulently concealed her mother's 1975 application from her, such misconduct, even if assumed true, does not give rise to equitable estoppel because the 1975 application neither indicated that the appellant was disabled nor sought disabled dependent child survivor benefits on her behalf; thus, the application is immaterial to the issue of timeliness.  PFR File, Tab 5 at 4-9; *see Perez Peraza*, 114 M.S.P.R. 457, ¶ 9 (explaining that to invoke equitable estoppel the appellant must have reasonably and detrimentally relied on an agency misrepresentation).  Additionally, OPM had no statutory or regulatory duty to notify the appellant of the requirement to file a claim for a survivor annuity within 30 years.  *See Davis*, 918 F.2d at 946-47.  Thus, we discern no basis to waive the 30-year filing time limit.  *See Perez Peraza*, 114 M.S.P.R. 457, ¶ 7.

The appellant's contentions regarding discovery are unavailing.

Finally, the appellant makes a series of arguments on review suggesting that OPM withheld material evidence and that the Board erroneously denied her

---

[6] Although the appellant avers that she became permanently disabled as the result of a work accident in 1971, she does not allege that her disabilities impacted her ability to timely file her application with OPM.  IAF, Tab 11 at 9, 12, 16.  Moreover, even if the appellant intended to levy this allegation, we discern no authority permitting either OPM or the Board to waive the 30-year time limit on this basis.  *Cf.* 5 U.S.C. § 8453 (giving OPM the authority to grant a waiver of the 1-year time limit for filing a disability retirement application on the basis of mental incompetence).

discovery requests for this evidence.  PFR File, Tab 1 at 6-8, Tab 5 at 4-9. Although unclear, the "material evidence" to which the appellant refers seemingly again concerns her mother's 1975 application for death benefits.[7]  PFR File, Tab 1 at 6, 8, Tab 5 at 6-9.

To the extent the appellant argues that OPM failed to provide her with either information about her mother's 1975 application or the application itself in discovery, we find her contention without merit.  PFR File, Tab 1 at 6, 8, Tab 5 at 6-9.  Here, the record is devoid of any discovery disputes.[8]  Because the appellant failed to file a motion to compel before the administrative judge, she is precluded from raising discovery issues for the first time on review.  *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006); 5 C.F.R. § 1201.73(c).  Moreover, as stated, the 1975 application is immaterial to the issue of the appellant's timeliness.  Thus, even assuming the administrative judge committed an adjudicatory error as related to the 1975 application or any documents associated therewith, the appellant has failed to show that her substantive rights were adversely affected.  *See Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 7 (2010) (explaining that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights); *see also Vincent v. Federal Deposit Insurance Corporation*, 41 M.S.P.R. 637, 640 (1989) (finding unavailing the appellant's allegations of discovery-related adjudicatory errors

---

[7] Despite her argument in this regard, the record reflects that the appellant herself twice submitted a copy of her mother's 1975 application into the record; in fact, she submitted this document along with her initial appeal form.  IAF, Tab 1 at 10-11, Tab 13 at 8-9.

[8] The appellant filed her discovery requests into the record both in this proceeding and in a separate appeal pertaining to her claim of survivor's benefits.  IAF, Tab 8; *Varad v. Office of Personnel Management*, MSPB Docket No. PH-0831-18-0130-I-1, Initial Appeal File, Tab 12.  In this proceeding, the administrative judge issued a notice explaining that, in accordance with 5 C.F.R. § 1201.71, the Board does not participate in the discovery process until there is a failure or refusal to fully reply to a discovery request and a motion to compel is filed.  IAF, Tab 8.  The appellant never filed such a motion in either proceeding.

when the appellant neither clearly identified the evidence he was precluded from obtaining nor explained how his rights were prejudiced by the alleged denial of such evidence).

<u>We vacate the portion of the initial decision finding that the appellant failed to establish that she was disabled prior to the age of 18.</u>

Neither OPM's initial decision nor its reconsideration decision considered whether the appellant qualified as a disabled dependent child as defined in 5 U.S.C. § 8341(a)(4)(B); rather, both decisions denied her application for survivor annuity benefits on the basis of her untimeliness alone. IAF, Tab 1 at 6-7, Tab 11 at 7-8, 14. Because OPM never rendered an initial disability determination, the administrative judge should not have analyzed the issue on appeal. *See Deese v. Office of Personnel Management*, 116 M.S.P.R. 166, ¶ 9 (2011) (explaining that, because OPM's reconsideration letter did not consider whether the appellant was capable of self-support, the Board lacked jurisdiction over the issue); *see also Salarzon v. Office of Personnel Management*, 44 M.S.P.R. 588, 593 (1990) (explaining that the Board lacks jurisdiction to decide an issue without a final decision from OPM concerning that issue), *aff'd*, 925 F.2d 1479 (Fed. Cir. 1991) (Table). Thus, we vacate the administrative judge's finding that the appellant failed to show that she qualified as a disabled dependent child as defined in 5 U.S.C. § 8341(a)(4)(B). ID at 4.

## NOTICE OF APPEAL RIGHTS[9]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10] The court of appeals must <u>receive</u> your petition for

_____

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            *Gina K. Grippando*
                                      _____
                                      Gina K. Grippando
                                      Clerk of the Board

Washington, D.C.